## HEDRICK & GILLESPIE v. BRANDON.

1. SERVICE OF NOTICE: ATTACHMENT. The District Court of the county in which a contract, by its terms, is to be performed, acquires no jurisdiction of the person of the defendant, in an action thereon, by the attachment of property situated in another county.
2. SAME. Personal service confers upon the court authority to render a judgment *in personam;* service by attachment confers upon the court jurisdiction of the property only.
3. SAME. An action in which service is made by attachment only, should be brought in the county in which the property to be attached is situated.
4. Section 1704 of the Code of 1851, cited and construed, *Courtney* v *Carr,* 6 Iowa 238 followed.

*Appeal from Adams District Court.*

TUESDAY, OCTOBER 13.

Plaintiffs sued in the Adams District Court upon two notes made payable on their face, in Quincy, in said county. They asked an attachment, upon the ground that defendant was a non-resident of the state. The writ was issued to the sheriff of Taylor county, and by him levied upon the interest of defendant, in certain lands situated in that county. No writ was issued to Adams county; defendant was not served except by publication in the newspaper, nor did he make any appearance. A default was entered at one term, and at the next, the cause coming on for final hearing, the plaintiffs were non-suited upon the ground that the court had no jurisdiction of the action, and they now appeal.

*Frank M. Davis,* for the appellant.

No appearance for the appellee.

WRIGHT, C. J.—The provisions of the Code (section 1704), that a suit may be brought in a county wherein a contract by its terms, is to be performed, relates to cases where there is personal service, and not those where jurisdiction is

obtained by levying an attachment upon defendant's property. If he is not served, the action must be commenced in the county where the property attached, or a portion of it, lies or may be found. It is the service of the attachment that gives the jurisdiction, and that not over the person, but to the extent of enabling the plaintiff to take judgment *in rem* against the property. If the attachment is not served upon the defendant's property, the case is at an end. *Courtney* v. *Carr*, 6 Iowa 238. And the county where the service is made, is where the action should be brought.

Judgment affirmed.