Miller, J.
i. jubisdionotice f noni'u nors. I. The first question raised by tbe demurrer is as to tbe jurisdiction of tbe district court over tbe persons of tbe minor defendants. Tbis is one of tbe actions in wbicb tbe service of notice may be made by publication, as was done in tbis case. Rev., § 2831, sub. 4.
The district court has jurisdiction in actions against minors tbe same as adult defendants, but where a minor is sued his defense must be made by bis regularly appointed guardian, if be has one, and if not, by a guardian appointed by tbe court. Rev., § 2778. . Before any judgment can be rendered against an infant be must be defended by guardian, and tbe court is authorized to appoint a guardian for tbis purpose only after due and legal service of tbe original notice on the infant, in tbe manner (firected in tbe Revision, section 2779.
Tbe statute points out no other or different mode of service by publication, where tbe defendants are minors, than tbe one to be followed in case of adults. No objection is made to tbe service, and w.e have discovered none. Tbe action being one wherein tbe court acquired jurisdiction by service of notice by publication, and tbe service being thus made, it bad jurisdiction over tbe persons of tbe defendants so far as was necessary to grant tbe relief prayed in tbe petition.
*419 z_demurrer-Again, it is only when on the face of the petition it appears that the court has not jurisdiction, that the objection can be taken by demurrer. Rev., § 2876. The petition on its face showed that the court had jurisdiction of the subject of the action, and also to bring in the defendants, by service of notice by publication, and thereby obtain jurisdiction of their persons, so far as was necessary to grant the relief prayed. This objection, therefore, could not be reached by demurrer.
3. parties: ministrator. II. Another ground of demurrer Is, that the action cannot be maintained against the heirs, but should have been brought against the administrator. The statute (Rev., § 2460) provides that specific performance of a contract to convey real estate which might be enforced against the person agreeing to convey, if living, may be enforced against his executor. And (by § 2461) it is not necessary to make any other than the executor party defendant to such proceeding in the first instance, but the court, in its discretion, may direct other persons to be made parties. And heirs and devisees may, on motion, at any time, be made defendants. Generally, under the statute, the action mazy be brought in the first instance, against the executor, but the statute does not require that it must be against the executor or administrator. But for this statutory provision the action could not be brought against him; he represents only the personal property of the decedent. The real estate descends to the heir, and in the present case it is the heir who refuses to convey. It appears that there is no executor who could be sued in the present instance, and surely the statute did not mean to deprive the party of this remedy unless there should be an executor or administrator in this State, over whom the court could acquire jurisdiction. While the statute makes the executor or administrator a proper party, it does not make him a necessary party, in our opinion.
*420 4. statute oe trust f tax sale‘ *419 III. The only remaining ground of the demurrer argued *420 and. relied on is, that the contract pleaded by the plaintiff comes within the statute of frauds. In the case of Bryant v. Hendricks, 5 Iowa, 256, it was held that “ a verbal agreement between two or more persons having claims on the public lands, that one shall enter the tract on which the claims are located, and the other should pay his proportion toward the entry of the land, was not within the statute of frauds.” It was so held, on the ground that the agreement created an implied trust and that the facts which create the trust may always be proved by parol. In that case the agreement was that one of the claimants proposed to furnish his share of the money in advance to enter the land; that the defendant said he should enter the land by means of land warrants, but that when he had done so, and the quantity and description of plaintiff’s part was ascertained, he would convey the same to plaintiff. The petition further stated that it was agreed that the parties should attend at some convenient time and survey the land; that defendant, though requested, refused to attend; that plaintiff caused a survey to be made; that he tendered the money for his portion of the entry to defendant, and demanded a conveyance, which was refused. The statute of frauds was pleaded in that case, but it was held that a trust lay at the base of the contract; that it was not a contract to sell an interest in lands. So, in the case before us, the contract set up in the petition is in no sense a contract for the sale of an interest in lands. Before the tax purchase had ripened into a title the plaintiff’s grantor offered to redeem from the purchaser, or to purchase the tax certificate, but he said “ No, I will pay all subsequent taxes, and when my purchase ripens into a title, and I receive the treasurer’s deed, then I will convey the land to you by quitclaim, you paying such sum of money as you would be then required to pay under the law to redeem the land.” To this Beatty agreed. The transaction created an implied *421 trust that will be enforced in a court of equity, the plaintiff having tendered the proper sum of money, demanded a deed, and the defendants having refused.
The demurrer should have been overruled.
The appellant presents in his argument a question upon the ruling of the court in excluding certain depositions. Whether there was error or not in this ruling we are unable to determine, inasmuch as the depositions are not in the record, nor any thing else, to show whether the ruling was correct or otherwise.
Reversed.