POLLOCK ET AL. v. SIMPSON ET AL.

1. **Judgment:** ON NOTICE BY PUBLICATION: MOTION FOR RETRIAL: NOTICE TO PLAINTIFF. Where a judgment has been rendered upon notice by publication only, the theory of the statute (Code, § 2877) is that the case remains virtually in court for two years for the purpose of a motion for a retrial, if any defendant shall see fit to make it; and the court has jurisdiction during such time to hear and pass upon such motion without notice thereof to the plaintiff. But the court should in such case, in the exercise of a proper discretion, allow the plaintiff a reasonable opportunity to appear and prepare for trial.

*Appeal from Kossuth District Court.*

FRIDAY, DECEMBER 11.

ACTION in equity to cancel a deed purporting to be made to the defendant Simpson, but alleged to have been forged; and also to set aside two other deeds made by Simpson, one of them to the defendant Viele, and one to the defendant Wiles. The defendants were served by publication only. No appearance was made, and decree was taken against them by default. Afterwards, and within two years, they appeared, and moved for a retrial. The motion was at first sustained, but the order sustaining it was afterwards set aside and the motion dismissed. From the order dismissing the motion the defendants appeal.

*J. W. Cory,* for appellants.

No appearance for appellees.

ADAMS, J.—The plaintiffs were represented in the court below at the time the decree was rendered by Mr. J. F. Duncombe. He now appears in this court, but claims to do so merely as a friend of the court, and for the purpose of suggesting that, at the time defendants' motion for retrial was dismissed, the plaintiffs had not been brought in by notice,

and had not appeared, and that the court, being without jurisdiction of the plaintiffs, could not rule upon the motion, nor properly make any other order than an order of dismissal. The object of Mr. Duncombe in disclaiming an intention to appear for the plaintiffs is, of course, to avoid giving the court jurisdiction of the plaintiffs, the want of which, he suggests, justified the order of dismissal, and will justify the court in affirming the order. There is some controversy between the parties as to whether the plaintiffs were not in fact notified of the motion for a retrial. It seems that Mr. Duncombe was informed by letter of such motion. But he claims that he had ceased to be attorney for the plaintiffs in the case, and, besides, that the mode of service could not be held to be sufficient if his relation to the case as attorney for the plaintiffs had not ceased. The question as to whether there was notice in fact presents some difficulties, but we do not find it necessary to determine it, because we are of the opinion that no notice was necessary.

The statute under which the motion was made is section 2877 of the Code, and is in these words: " When a judgment has been rendered against a defendant or defendants served by publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment, appear in court, and move to have the action retried; and, security for costs being given, they shall be admitted to make defense, and thereupon the action shall be retried as to such defendants as if there had been no judgment." The statute does not provide that notice of the motion shall be served upon the plaintiffs, and we see nothing in the nature of the case which would justify us in ingrafting such a provision upon the statute by judicial construction. Service by publication is but a poor substitute for actual service,—justifiable only by necessity; and we are not disposed to strain the statute in the least for the purpose of giving force and efficacy to such notice.

On the other hand, we should be disposed, if necessary, to take a liberal view of all the provisions enacted for the purpose of avoiding the hardships which otherwise might be sustained by defendants brought in by such notice. But we are very clear as to the meaning of the statute. It provided in express terms that any defendant so served, and not appearing, shall afterwards, within two years, be admitted to defend, upon filing the requisite motion and giving security for costs. For the purpose of a retrial the judgment theretofore rendered is to be treated as a nullity. The theory of the statute unquestionably is that the case remains virtually in court for two years for the purpose of a motion for a retrial, if any defendant shall see fit to make it. The plaintiff, being in court, does not need to be brought in. The court should, of course, exercise some proper discretion as to the time for which the case should be set for trial. A reasonable opportunity should be allowed the plaintiff to appear and prepare for trial, and an abuse of discretion in this respect would probably be a ground of reversal. But more than that we do not feel justified in saying. We think that the defendants' motion was improperly dismissed.

REVERSED.