WILLIAMS *et al.* v. WESCOTT *et al.*

1.   **Judgment**: DEFAULT : MOTION TO SET ASIDE : NEGLECT OF COUNSEL : EXCUSE.   Plaintiffs filed their petition herein February 25, 1888.   On the first day of the term, to-wit, March 19, the defendants appeared and filed a motion to strike portions of the petition. This motion was sustained March 23, and on the next day defendants answered, asking that the petition be dismissed, and that defendants' title be quieted, and for general relief; and one of the defendants set up a counter-claim.   March 26, defendants filed a motion for default against certain of the plaintiffs, and on the same day the defendant who filed the counter-claim moved for default therein against the other plaintiff.   At that time the plaintiffs had not appeared to the motions and answers, and, so far as the record shows, had done nothing in the cause after filing the petition.   The motions for default were not resisted, and they were sustained the day they were filed, and final decree rendered accordingly.   April 12, following, plaintiffs filed motions to set aside all these orders and the decree, and these motions were overruled. Plaintiffs resided several hundred miles from the seat of the court in which they had begun their cause.   Nearly three weeks before the term commenced they wrote the clerk asking to be advised of papers filed and for copies to be sent, "if not too much trouble.".  This letter was not answered, and they took no further steps to advise themselves of the condition of the case, nor of the business of the court, until after the decree was rendered.   *Held* that plaintiffs' neglect, through their attorneys, was not excusable, and that the motions to set aside the orders and decree were properly overruled. (See opinion for statutes and authorities bearing on the question.)

Williams v. Wescott.

2. ——: ——: ——: SHOWING OF MERITS. Where the affidavits filed by plaintiffs in support of a motion to set aside a judgment against them, entered by default, do not add materially to the showing of merits made by the petition, and show no defense to a counter-claim, except by a general averment of a perfect defense thereto, made by one of the plaintiffs' attorneys, the showing is insufficient to entitle the plaintiffs to a favorable ruling on the motion.

3. Partition: DEFECT OF PARTIES : VALIDITY AS TO THOSE IN COURT. Although in a partition case the court does not acquire jurisdiction of all the persons interested in the real estate, the proceedings are not void or voidable as to those who are actually or constructively in court.

4. ——: SERVICE BY PUBLICATION : NON-RESIDENT MINORS. Service by publication in partition cases is expressly authorized by section 2618 of the Code, and where non-resident minors are so served and a guardian *ad litem* is appointed and answers for them, the judgment is final and conclusive as to them.

5. ——: ACQUIESCENCE OF PARTIES AND ACCEPTANCE OF SHARES : ESTOPPEL. Where parties to a partition suit acquiesce in the proceedings and receive and retain their shares of the proceeds, they are estopped to question the validity of the proceedings; and so is one who takes from them a subsequent conveyance of their interest in the land, with knowledge of the facts.

6. Dower : EXTINGUISHED BY PARTITION SALE AGAINST HUSBAND. A sale of land in partition proceedings is a "judicial sale" within the meaning of section 2440 of the Code, and such a sale of the husband's interest in land in a proceeding to which he is a party, extinguishes the wife's right of dower, even though she is not made a party thereto.

*Appeal from Woodbury District Court.*—HON. GEORGE W. WAKEFIELD, JUDGE.

FILED, MAY 11, 1889.

THIS is an action in equity, commenced to set aside the decree rendered and certain orders made in proceedings for the partition of real estate. The defendants appeared and filed a motion to strike from the petition, which was sustained. They then filed an answer, and the defendant Hedges filed a counter-claim. The plaintiffs were adjudged in default, and judgment was rendered against them. Judgment was also rendered in

favor of defendant Hedges on his counter-claim. Plain-
tiffs filed motions to set aside the judgment and default,
which were overruled. They appeal from the rulings
and judgment of which they complain.

*Parsons & Perry*, for appellants.

*Craig L. Wright*, for appellees.

ROBINSON, J.—The petition states that on the fif-
teenth day of July, 1882, Jesse L. Williams, a resident
of the state of Indiana, was the owner of an undivided
one-half of the east half of the northeast quarter of
section 20, township 89, range 47, in Woodbury county;
that defendant George E. Wescott was then the owner
of an undivided one-fourth of said tract, and that an
undivided one-fourth thereof was owned by forty-three
persons as tenants in common, and as heirs of Israel G. ·
Lash, deceased, all of whom were non-residents of the
state of Iowa; that of said heirs sixteen were minors;
that on said date defendant Wescott commenced an
action in the circuit court of Woodbury county for
the partition of said real estate, making all of said per-
sons, excepting Lucie D. Douthit, parties defendant,
and also making one John. P. Allison, as guardian of
said minors, a defendant; that said Allison acknowl-
edged service of the original notice, but that as to all
the other defendants it was served by publication only;
that Allison was not in fact the guardian of said minors,
nor was he authorized to represent them; that said
court found that due service of the original notice had
been made; that it appointed a guardian *ad litem* for
twelve of the minors, who filed answer as such guardian;
that it found said Wescott was the owner of an undi-
vided one-fourth of said premises, the said Jesse L.
Williams the owner of an undivided one-half, and the
remaining defendants, or heirs of Lash, the owners of
an undivided one-fourth thereof, and appointed referees
to make partition of the same.

The petition further alleges that the premises in
question were sold by the referees; that the sale was

confirmed as made to defendant John Pierce, but that it was in fact made without due authority, and without sufficient notice; that the order confirming the sale was made without notice to the non-resident defendants, who had no knowledge thereof until more than three years thereafter; that the individual interests of the heirs of Lash were not determined; that none of the non-resident defendants appeared in said action, and none of the minors had any knowledge of the action until more than two years after the decree had been rendered therein. The petition further states that said Jesse L. Williams died testate in the year 1886; that he devised all of his interest in said premises to plaintiffs Edward P., Meade C. and Henry M. Williams; that plaintiff Susan C. Williams was long prior to July 26, 1883, the lawful wife of said Jesse, and so continued to be until the time of his death, and is entitled to one-third of his interest in said premises; that plaintiff Henry M. Williams has purchased of said Edward J. Douthit, Jr., and of said Lucie D. Douthit, all their interest in said premises, and now owns the same; that defendants John Pierce and Daniel T. Hedges claim to be the owners of said premises under the partition proceedings, and that such proceedings are a cloud upon the title of plaintiffs. They demand that the decree and all orders in such proceedings be vacated; that the plaintiffs be declared the owners of the interests in said premises claimed in the petition; and that they have such other and further relief as may be equitable and proper.

The petition was filed on the twenty-fifth day of February, 1888. On the first day of the term, to-wit, on the nineteenth day of March, 1888, the defendants appeared and filed a motion to strike from the petition the fifth, sixth, seventh, eighth and a part of the tenth paragraphs, and to strike from the title the names of all the plaintiffs but Henry M. Williams. The portions of the petition which the motion sought to have stricken out were allegations to the effect that Jesse L. Williams was a resident of Indiana when the action for partition

was commenced; that he was served with notice thereof only by publication; that he died testate; that plaintiffs acquired title from him as stated; averments in regard to the procuring of the order of partition; the appointment of referees; the report of the referees; their alleged want of authority to sell; and averments of action of the court without jurisdiction. The motion was sustained on the twenty-third day of March, 1888. On the next day the defendants filed their answer, in which they denied the allegations of the petition not otherwise answered; admitted the ownership of Jesse L. Williams, Wescott and the heirs of Lash, on the fifteenth day of July, 1882, of the premises in controversy; that an action for the partition thereof was commenced by Wescott, as alleged; that all the defendants therein were at that time non-residents of Iowa; that a decree confirming the sale under the partition proceedings was rendered on the second day of January, 1883; admitted that defendant Hedges claims to own the premises under the partition proceedings, and denied knowledge or information sufficient to form a belief as to the alleged minority of any of the heirs of Lash; denied that Lucie D. Douthit was an heir of Lash; and denied knowledge or information as to whether Edward Douthit, Jr., had any interest in the real estate. Defendant Hedges also filed a counterclaim, in which he alleged himself to be the owner of the land in controversy, and set out the partition proceedings alleged in the petition. He alleged the sale of the premises to Pierce as the highest and best bidder for the sum of two thousand dollars; that the sale was confirmed, and a conveyance duly made to Pierce, who subsequently conveyed the premises to Hedges; that due notice of all the proceedings was given to all parties in interest; and that Edward J. Douthit, Jr., and Lucie D. Douthit have recognized the validity of said proceedings, and acquiesced in the same, and receipted for and released all their claim to the proceeds of said sale long before the pretended conveyance to plaintiff by them, of all of which plaintiff had full knowledge. The answer asks that the petition of plaintiff be dismissed;

Williams v. Wescott.

that defendants' title be quieted as against him; and for general equitable relief. On the twenty-sixth day of March, 1888, the defendants filed a motion for default against plaintiffs Susan C., Meade C. and Edward P. Williams, and on the same day defendant Hedges moved for default on his counter-claim against Henry M. Williams. At that time plaintiffs had not appeared to the motions nor answers, and, so far as the record showed, had done nothing in the cause after filing the petition. The motions were not resisted, and on the day they were filed were sustained, and a decree was rendered in favor of defendants dismissing the petition of plaintiffs and quieting the title of defendants in the land in question. On the twelfth day of April, 1888, the plaintiffs filed motions to set aside the various orders aforesaid and the final decree. After a hearing on these motions they were overruled, and that ruling is presented to us for review.

I. The first question to be determined is whether the plaintiffs sufficiently excused their failure to appear in court and make timely resistance to the orders and decree of which they now complain. The showing in excuse of the default is substantially as follows: The plaintiffs were represented by Messrs. Parsons and Perry, attorneys, of Des Moines. Mr. Parsons left home on the seventh day of March, 1888, and was continuously absent from the state until the fifth day of April. Before leaving, he requested Mr. Perry to write to the clerk of the court, requesting him to send to them copies of all papers filed in the case immediately upon their being filed, and to give immediate attention to all steps which should be taken by defendants or their attorneys during his absence. On the twenty-eighth day of February, 1888, Mr. Perry wrote to the clerk of the court at Sioux City as follows: "Will Mr. James Fullerton of your city be accepted as surety on cost-bond? If so, we will send one up to him, and have him bring the same to you for approval. Will you kindly

1. JUDGMENT: default: motion to set aside: neglect of counsel: excuse.

Williams v. Wescott.

advise us of any papers filed in the case by defendants, and, if not too much trouble, send us copies of the same?" That letter was not answered, although it was received in due time. March 31, 1888, Parsons & Perry sent to the clerk the following telegram. "Send us immediately copy of all papers and decrees in Williams *vs.* Wescott, except petition." At four o'clock in the afternoon of April fifth, Parsons and Perry first heard from the clerk by means of a letter in language as follows : "Excuse my delay in not replying sooner. My deputy is sick, and, having only one, a good deal of work has fallen upon my shoulders. I enclose herewith motion, copy of answer and counter-claim, decree prepared by Mr. C. L. Wright, which I have just entered of record ; also above entry, being ruling of court on motions to strike." The two letters and the telegram were the only communications which passed between the attorneys for the plaintiffs and the clerk relative to the pleadings and proceedings in the cause. The only rules of practice in force in Woodbury county at that time were those adopted by the convention of judges on the eighth day of January, 1887. One of these required that "every party, at the time of filing any petition, answer, reply, demurrer or motion, except a motion for continuance or change of venue, shall file with the same one plain copy thereof for the use of the adverse party." It may be conceded that the attorneys for the plaintiff had intended in good faith to do whatever was necessary to protect and promote the interests of their client in this case, and that their failure to make timely appearance to the various papers filed was due to their not having heard from the clerk. But it does not appear that the court, nor the attorney for defendants, had any knowledge of their correspondence with the clerk, nor of their intentions in regard to the case. Section 2635 of the Code provides that "the defendant shall, in an action commenced in a court of record, demur, answer or do both, as to the original petition, before noon of the second day of the term." Section 2636 provides that "each party shall demur, answer or

Williams v. Wescott.

reply to all subsequent pleading, including amendments thereto and substitutes therefor, before noon of the day succeeding that on which the pleading is filed. But all pleadings must be filed by the time the cause is reached for trial." Section 2639 requires all motions assailing a pleading, except in certain cases, to be filed before an answer or reply has been filed. It appears, therefore, that plaintiffs were in fact given more time to appear and plead in this case than they could have claimed under the statute. Appellants insist that they had a right to rely upon the clerk for information as to the pleadings filed and proceedings had, but they have not called our attention to any statute or rule which imposes that burden upon him, and in this case the clerk did not assume it. Certainly it was not placed upon him by the rule quoted. A due regard for the dispatch of business requires of litigants a prompt attention to the preparation and prosecution of their causes. In this case the attorneys for plaintiff resided several hundred miles from the place where the court in which the cause was pending was being held. Prior to the rendition of the final decree they wrote one letter to the clerk, asking to be advised of papers filed, and to have copies sent, "if not too much trouble." This was written nearly three weeks before the term commenced, and was never answered. They knew that fact, but do not seem to have taken any other steps to inform themselves of the condition of the case, nor of the business of the court, until after the decree was rendered. They do not seem to have been misled by any mistake of fact, as in the case of *County of Buena Vista v. Railway Co.*, 49 Iowa, 657. The absence of counsel was not unavoidable. "The party and his attorney must take notice of the time and place of holding court, and of the position of the cause on the calendar, and be present when it is called for trial." 1 Hayne, New Trials & App., p. 226, sec. 76 (2). It has been said that the fact that a party was misled as to the condition of the calendar, and hence did not have a material witness in attendance when the cause was reached for trial, furnishes no

Williams v. Wescott.

ground for a new trial. Hill. New Trials, p. 534, sec. 24. Applications of the kind under consideration must necessarily be governed in large part by the facts of the case, and should be determined in the exercise of a sound legal discretion.

II.  The next matter for our consideration is the showing of merits on the part of plaintiffs.  The affidavit of Mr. Parsons contains the only allegations of merit excepting the averments of the petition, and they are as follows: "Deponent further says that he believes he is fully acquainted with all the facts affecting plaintiffs' right to recover set out in the petition; that they are in every essential respect, except as to the allegations in the so-called counter-claim of the said Hedges as to who were made parties in said action for partition of said premises, and the allegation therein that said Edward J. Douthit, Jr., and Lucie D. Douthit recognized the validity of said partition proceedings, and the allegations that the court ordered a sale of said premises, and excepting the legal conclusions contained in said pleading, the same as set out in the said defense or counter-claim of said Hedges; and that plaintiffs have a good and substantial defense to said claim of said Hedges; and that the same would fully appear upon the trial of this action on plaintiffs' petition and the denials contained in defendants' answer. * * * Deponent further says he believes that plaintiffs have a perfect defense to the claims of said Hedges, and that great injustice would be done them unless said decree be vacated and plaintiffs be allowed an opportunity to try this case upon its merits." Mr. Perry states under oath that the value of the real estate in controversy, according to the best information he can obtain, exceeds the sum of twenty thousand dollars. Its value when the referee's sale was approved—something more than five years before—is not shown. The affidavits filed in support of the motions of plaintiffs do not add materially to the showing of merits made by the pleadings. From them we learn that three of the plaintiffs claim as

*2. ——:——: ——:— showing of merits.*

devisees, and one as widow of Jesse L. Williams, deceased; that the aggregate interest thus claimed by them is the ownership of an undivided one-half of the premises in controversy. In addition to the interest he claims to have derived as devisee, Henry M. Williams claims to be the owner of an undivided one-four-hundred and fortieth of said premises as the grantee of Edward J. Douthit, Jr., and Lucie D. Douthit. The petition shows that Edward Douthit and Edward T. Douthit were heirs of Lash, deceased, but fails to show that Edward J. Douthit, Jr., was such heir. Conceding, for the purposes of this case, that he was a minor heir of said Lash when the partition proceedings were pending, we find Henry M. Williams' alleged interest to be as stated.

It seems to be the theory of plaintiff that if the circuit court did not acquire jurisdiction of all the persons interested in the real estate, the proceedings in partition were voidable, if not void; but that cannot be true of those who were actually or constructively in court, and who made no objection to the proceedings. If the persons who were not made parties are satisfied, those who were should not be heard to complain. The petition shows that service by publication was made upon all the non-resident parties defendant in the partition proceeding. Such service was expressly authorized by statute. Code, sec. 2618. (2) It was sufficient as to non-resident minors. *Judd v. Mosely*, 30 Iowa, 426. A guardian *ad litem* was appointed, and filed answer for Edward Douthit. Therefore, as to his interests, the proceedings in partition had become final and conclusive in favor of defendants before this action was commenced.

The counter-claim alleges that both Lucie D. Douthit and Edward J. Douthit, Jr., acquiesced in the partition proceedings, and receipted for and retained all their claim to the proceeds of the sale long before their alleged conveyance to Henry M. Williams was made, and that he

3. PARTITION: defect of parties: validity as to those in court.

4. ——: service by publication: non-resident minors.

5. ——: acquiescence of parties and acceptance of shares: estoppel.

knew that fact. The counter-claim was not denied, excepting by a general averment of a perfect defense thereto, made by an attorney in support of the motions under consideration. We do not think it has been sufficiently met, but, if it has, we have seen that the interest of Edward J. Douthit, Jr., was extinguished before this action was commenced; and the interest acquired from Lucie D. Douthit would be little more than nominal, if plaintiffs' estimate of the value of the premises in question be accepted, to-wit, an undivided one-eight-hundred and eightieth of property valued at about twenty thousand dollars.

The petition shows that due service by publication was made on Jesse L. Williams, and that he lived more than two years after the referee's sale was made and the deed was executed. His interest in the premises was therefore terminated before his death, and his devisees acquired no title from him. But it is said that his wife was not made a party to the proceedings in partition, and therefore that she is entitled to recover an undivided one-third of the interest he held at the time the decree in partition was rendered. Section 2440 of the Code provides as follows: "One-third in value of all the legal or equitable estates in real property, possessed by the husband at any time during the marriage, which have not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple if she survive him." Her interest is therefore contingent, and is subject to divestment, even by a judicial sale to which she is not a party. A referee's sale in partition proceedings is of that character. *Weaver v. Gregg*, 6 Ohio St. 547. See, also, Freem. Co-Tenancy, sec. 474.

6. DOWER: extinguished by partition sale against husband.

We conclude on the showing of the plaintiffs, conceding to it all which may be reasonably claimed, that it shows no right of recovery excepting in favor of Henry M. Williams for the interest alleged to have been acquired from Lucie D. Douthit which at most is less

than twenty-five dollars in value. But the claim of defendants in regard to that interest has not been properly met. In our opinion the showing of diligence and merit made by plaintiffs is not sufficient to entitle them to the relief they demand.

III. Counsel discuss with much earnestness the ruling of the district court on the motion to strike from the petition, and the nature and effect of the counter-claim of Hedges. But, in view of the conclusion we have reached on other questions, no practical benefit would result from a further consideration of questions not determined. The rulings and decree of the district court are　　Affirmed.