ALICE IRENE HARRIS AND OTHERS, Appellants, v. MICHAEL F. BIGLEY, Appellee.

| 136 | 307 |
| 143 | 446 |

**Infants:** DECREE AGAINST : SETTING ASIDE.  A decree affecting the
1 rights of infants will not be set aside, on the ground of newly discovered evidence consisting of public records which existed at the time of the original hearing, in the absence of fraud,

collusion or gross negligence on the part of the guardian in failing to produce the same at that time.

**Same.** The mere fact that a guardian *ad litem* for infants was appointed at the suggestion of the adverse party, or that such guardian failed to make an active defense, will not constitute fraud authorizing a setting aside of the decree; but if it is fairly inferable that the substantial facts upon which the infant's claim was based were disclosed to the court and embraced in its findings the decree will be upheld.

*Appeal from Howard District Court.*— HON. A. N. HOBSON, Judge.

TUESDAY, APRIL 9, 1907.

REHEARING DENIED, TUESDAY, NOVEMBER 19, 1907.

ACTION in equity to set aside a decree quieting the title to land. Bill dismissed, and plaintiffs appeal.— *Affirmed.*

*H. L. Spaulding* and *John McCook,* for appellants.

*Joseph Griffin* and *C. W. Reed,* for appellee.

WEAVER, C. J.— About April 1, 1893, one Simon Harris died intestate in Howard county, Iowa. At the time of his death he held a written contract for the purchase of a quarter section of land, which included the tract here in controversy, from one Kinsey Elwood. None of the principal sum of the agreed purchase price had been paid when Harris died. After his death the widow and the administrator paid the interest on this sum until October 5, 1894, when Elwood conveyed the legal title to John Halpin, receiving from him substantially the sum due on the Harris contract, subject to which the conveyance was made. One year later, by an arrangement or agreement in which the widow of Harris participated, Halpin conveyed sixty acres of the land to one Margaret Graf, who paid him therefor

the sum of $1,800. At the same time Halpin conveyed the other one hundred acres, the tract now in suit, to the widow, the mother of the plaintiffs, for $1,250, a sum equal to the remainder due on the contract aforesaid after crediting thereon the amount paid by Mrs. Graf for the sixty-acre tract. In August, 1899, Mrs. Harris sold the one hundred acres to the defendant, Michael F. Bigley, and on March 9, 1900, she made conveyance to him by warranty deed. In closing the matter, some question arose whether the title thus made was perfect, and full payment was withheld until the same could be settled by action in court. Thereafter action in equity was instituted by Bigley to quiet said title in himself, making defendants therein the present plaintiffs, who were then minors under fourteen years of age residing with their mother. Notice was served upon each of the minors as provided by statute. At the trial of the case a guardian *ad litem* was appointed, who answered for the children, denying the allegations of the petition. The hearing resulted in a decree establishing the title in Michael F. Bigley against the adverse claims of each of said minor defendants, and barring and estopping each of them from thereafter asserting any right or claim to said property as against said Bigley. On entry of this decree Bigley paid Mrs. Harris the amount due her upon the sale of the land, deducting therefrom the expense incurred in procuring the decree above mentioned. On September 17, 1904, more than four years after the entry of said decree, this action was instituted by the guardian of said children to set aside said adjudication on the ground of newly discovered evidence, and of irregularity, mistake, and fraud in procuring said decree. Bigley alone is made defendant in this proceeding, and he appears and answers, denying all the allegations of wrong, fraud, or mistake on which the petition is based. The district court found that the plaintiffs' claims were not sustained by the evidence, and dismissed the bill, and they by their guardian appeal.

I.    There is no showing whatever of newly discovered evidence.    Plaintiffs rely solely upon matters appearing in the probate record of the settlement of the estate of Simon

**1. INFANTS:**
**decree**
**against:**
**setting aside.**

Harris, and in the deeds of conveyance through which title is traced from Elwood to the appellee, together with a few other incidental circumstances, all of which were in existence at the date of the original proceedings, and as open to inspection then as they were when the present petition was filed.    It is doubtless true that if the opposing party concealed any material fact, or if the guardian *ad litem* colluded with such party to suppress such fact, or even if he was so grossly negligent in the performance of his duty that his failure to know and produce the evidence operated as a fraud upon his wards, the court would upon timely application reopen the proceedings, in order that full justice may be done; but in the absence of fraud, actual or constructive, the discovery that the guardian did not put in evidence the facts which were as patent at the former hearing as they are now, cannot be said to be the " discovery of new evidence " on which a new trial will be ordered.

II.    Was there fraud in obtaining the decree ?    In support of the affirmative of this question, counsel rely on several circumstances, among the most important of which

**2. SAME.**

are the following:    It is said that the guardian *ad litem* in the proceeding was appointed at the request of the plaintiff therein, and did no more than file a formal answer in denial, and that this alone is to be held a fraud.    It is correct to say that the party in court claiming adversely to an infant will not be allowed to select his guardian; but the same authorities which announce this rule accompany it with the qualification that such appointment will ordinarily be made upon the motion of either party.    *Ralston v. Lahee,* 8 Iowa, 17.    It is to be presumed that the court in which such proceeding is pending appreciates its own responsibility in the matter, and

before making the appointment satisfies itself that the person suggested as guardian is a proper and suitable person to act in that capacity. Moreover, the fact that such guardian does not make an active defense is not in itself evidence of fraud. By entering a denial of the claim of the opposing party, he puts him upon proof of his case as alleged. In many instances this is all that is needed. In others, of course, a merely formal defense may operate as a gross fraud upon the ward. If it appears, however, or is fairly inferable, that the case as presented did develop and disclose to the court the substantial facts upon which the infant's claim is based, so that the question now sought to be raised may fairly be said to have been before the court and embraced within its findings, then there was no fraud or mistake which will justify a setting aside of the decree. *Kimble v. Daley*, 127 Iowa, 665.

There is no suggestion that in the case before us the guardian *ad litem* did not act in perfect good faith. Nor do we find any evidence that the plaintiff (defendant herein) or his counsel in any manner deceived or misled the court. On the contrary, it appears affirmatively that the court was informed of the contract of purchase held by the father of the minors at the time of his death; the same contract upon which or through which they now set up a claim of title. The effect of such contract was sought to be obviated by a showing that, after the death of Simon Harris, Halpin, the holder of the legal title, had declared said contract forfeited, and that the widow of said Harris had then obtained the title in her own right, after all interest therein of the heirs of Simon Haris had been eliminated, and that the title conveyed by her to Bigley was not incumbered by any trust for the benefit of her children. This showing appears to have been satisfactory to the court, and decree was entered accordingly.

It is said, however, that this claim was inconsistent with statements or admissions made by the widow in her formal

report as administratrix of her husband's estate.   This is true; but those admissions were not of such conclusive and far-reaching character as to deprive the court of power to find and establish a perfect title in her grantee.   The mere fact, ·if it should be a fact, that the evidence offered was not such as this court would have found sufficient on an appeal from that decree, is not determinative of an action to set it aside.   If the proceedings are regular, and there is no showing of fraud or mistake, and the decree rendered is within the issues, there is no principle of law or equity on which it may be set aside for a retrial of those issues.   The merits of the plaintiffs' claim against their mother, if any they have, are not here involved.   The simple question is whether the title conveyed to this defendant was acquired by him subject to a trust in favor of the plaintiffs.   That question has once been tried and adjudicated, and no good cause is shown for vacating the judgment so entered.

The judgment appealed from is right, and it is *affirmed*.