ALVIN A. CLARK, Appellant, v. WILLIAM ANDREW ROBINSON et al., Appellees.

SEPTEMBER 28, 1928.

*Frank Wisdom* and *Orville C. Greene*, for appellant.

*Keenan, Barnes & Clovis*, for appellee.

ALBERT, J.—To a fair understanding of this matter, the general fact situation must be reviewed.

One Allie M. Robinson was the holder of some interest in the 80 acres of land involved herein. A judgment was obtained against her and her husband, and on execution thereunder, said land was sold on May 28, 1921, and went to deed in June, 1922, plaintiff, Alvin A. Clark, being the purchaser at sheriff's sale. Allie M. Robinson died in April, 1922, and E. H. Elbert was appointed and qualified as administrator of her estate. She had five children, among whom was the movant herein, Dale Mortimer Robinson. The sheriff's deed above referred to named the plaintiff herein, Alvin A. Clark, grantee. After acquiring title under sheriff's deed, Clark, in September, 1922, instituted an action in equity for partition and to quiet title, making all of the heirs of Allie M. Robinson, deceased, defendants, together with some other claimants, including Dale Mortimer Robinson. This boy was at that time about 19 years of age, and a nonresident of the state. Proper affidavit of inability to procure service upon him in the state was filed, and notice was published against him, the regularity of which and the method and manner of service not being questioned. The mat-

ter came on for trial in its regular order in the district court, and H. S. Stephens, a member of the local bar, was appointed guardian *ad litem* of said Dale Mortimer Robinson, and as such, he filed answer, in which he claimed for his ward a share of said estate,—together with, in substance, a general denial. The other heirs of Allie M. Robinson defaulted.

The court held, in its decree, among other things, that the plaintiff, Alvin A. Clark, was the owner in fee of an undivided two fifths of said real estate; that a certain three children of Allie M. Robinson were each the owner of an undivided one fifth; and that Earl McKinley Robinson and his wife and Dale Mortimer Robinson had no share or interest whatever in said land or any portion thereof, and confirmed the title and shares as above specified. This decree was entered on October 30, 1922. It ordered partition and sale, the sale was approved on December 7, 1922, and the deed approved and delivered.

On April 18, 1924, Dale Mortimer Robinson filed a motion for a new trial, and to retry said cause he tendered an answer, the basis of said motion reciting:

"That a judgment and decree has been entered against this defendant in the above entitled cause less than two years prior to the filing of this motion; that this defendant was served by publication only in said action, and that defendant has not heretofore appeared in said action; that the defendant herewith is filing and tendering an answer in the above entitled cause."

On October 31, 1924, plaintiff alone filed in said cause his resistance to the above motion in two divisions. The first division is a general denial. The second division asserts that the suit was *in rem*, and that no personal judgment was asked or entered against the defendant; that this defendant, at the time of the bringing of the suit and entering the judgment, was not within the limits of the state of Iowa, and personal service of original notice could not be made upon him in the state, and that he was then a minor, about 19 years of age, without a regular guardian; that the published notice was due and legal in every way, both as to form, time, and manner of service; that the decree above referred to so found; the regularity of the appointment of the guardian *ad litem* and his ap-

pearance and pleading; that said attorney was made guardian *ad litem*, made defense and offered evidence to support his claim; that judgment and decree were duly and legally entered; and that Dale Mortimer Robinson is not entitled to retry the issues, as the facts do not bring him within the provisions of Section 3796, Code of 1897 (Sections 11595, 11596, Code of 1924).

On the submission of this motion and resistance to the court, an order was made on December 11, 1926, granting the prayer of the motion, and ordering the case retried as to this defendant on the filing of a bond as security for costs. Plaintiff excepted to this order, and appealed. This bond was duly filed and approved, as provided by the order.

At the threshold of the case we are confronted with a jurisdictional question, of which disposition must first be made.

The undisputed record in the case shows that, when plaintiff, Clark, appealed, he did not serve notice on any of the parties to the litigation except Dale Mortimer Robinson or his attorney, and it is insisted that this court  has no jurisdiction herein because service was not made on the other parties to the litigation. The gist of this contention is this: That the original degree adjudged Clark to be the owner of two fifths of this property, and three children of Mrs. Robinson's to be each the owner of one fifth thereof; and appellee insists that, under the law of this state, no jurisdiction now rests in this court, because service of this notice of appeal should have been made on each of the respective owners of the other three fifths of said property.

Section 12837, Code of 1924, reads as follows: "An appeal is taken and perfected by the service of a notice in writing on the adverse party," or on those immediately concerned who appeared for him in the case in the court below, etc.

At this point, the question is, therefore, the application of this statute. Are the rights of the other three heirs adverse to the claim of the plaintiff, within the meaning of the statute?

If this court, on a review of the merits of this case, should affirm the ruling of the lower court, then, the motion for a new trial having been sustained, Dale Mortimer Robinson would be entitled to a retrial, under the answer tendered by him, and,

in event that he won his contention,—that he was the owner of a one fifth of this 80-acre tract,—it might be found on a final decree that such one fifth should be deducted from the shares of the plaintiff, or from the share of the other three heirs, or *pro rata* from each share. The well recognized test of this question that has been repeatedly pronounced by this court is: In event that the appellant win his contention in this court, will it in any way adversely affect the rights of parties on whom it is claimed notice of appeal should be served, as they were fixed by the ruling, decree, or judgment from which the appeal is taken? In other words, in event that the appellant in this case wins his contention, will it in any way adversely affect the rights of the other three heirs, as fixed by the original decree in the case?

The appellant's contention is that the lower court had no right to sustain the motion permitting Dale Mortimer Robinson to file answer herein which was tendered by him, and have a retrial of the case. If he wins this contention here, it is the end of the lawsuit, and the rights of the three other heirs, as fixed by the original decree, will be undisturbed; therefore, the rights of these three heirs would not be adversely affected in event that the appellant won his contention in this court. This being true, under the well known rule, he is not required, under this section of the statute, to serve notice on these three heirs.

When we turn to the merits of the case, but one question is involved. Where, as in this case, it is admitted that plaintiff is a minor nonresident of this state at the time of the commencement of the original action, and that due notice was served on him by publication, which in all respects complied with the statute, and when the case came on for trial a guardian *ad litem* was duly appointed by the court for said minor, who, in due time, filed an answer denying the allegations of the plaintiff's petition, and pleaded ownership of an undivided one fifth of the property, and thereupon the matter was tried in the district court, finding that Dale Mortimer Robinson was not entitled to any interest in said property,—is such a decree binding and final on Dale Mortimer Robinson, or is he entitled

to the benefit of Sections 11595 and 11596, Code of 1924? These sections read as follows:

"Section 11595. When a judgment has been rendered against a defendant or defendants, served by publication only, and who do not appear, such defendants, or any one or more of them, or any person legally representing him or them, may, at any time within two years after the rendition of the judgment, appear in court and move to have the action retried, and, security for the costs being given, they shall be permitted to make defense; and thereupon the action shall be retried as to such defendants as if there had been no judgment."

"Section 11596. Upon the new trial the court may confirm the former judgment, or may modify or set it aside, and may order the plaintiff to restore any money of such defendant paid to him under it and yet remaining in his possession, and pay to the defendant the value of any property which may have been taken in attachment in the action or under the judgment, and not restored."

The appellee insists that the ruling on the motion to retry a case filed within two years after judgment by one served by publication only, is not an appealable order, and cites as  supporting his contention, *Pollock v. Simpson*, 67 Iowa 519; *Stanbrough v. Cook*, 86 Iowa 740; *Comes v. Comes*, 190 Iowa 547; and Code Sections 11594 and 11595, Code of 1924. None of the cases nor the Code sections cited support this contention, for in none of them was this particular question raised. The misapprehension of appellee lies in the fact that he seeks to treat this motion as though it were as to appeal from orders setting aside a default, which have no application here, as there was no default. This is a special statutory proceeding, permitting the parties a retrial of the case under certain conditions, and there can be no question that the right of appeal exists in such proceedings.

Appellee next urges that no personal judgment could be entered against Dale Mortimer Robinson, under the following section of the statute, Section 11600, Code of 1924, which provides:

"No personal judgment shall be rendered against a defend-

ant served by publication only who has not made an appearance."

This section, however, must be read in connection with other sections of the Code providing for service on nonresidents in cases:

"1. In actions brought for the recovery of real property, or an estate or interest therein.
"2. In an action for the partition of real property. * * *
"9. Where the action is an action to quiet title to real estate if the defendant is a nonresident of the state, or his residence is unknown." Section 11081, Code of 1924.

We have repeatedly held that due publication of notice under this section of the statute does confer jurisdiction on minors sufficient to warrant the court in granting the prayer  of plaintiff's petition in causes of action above referred to. See *Judd v. Mosely*, 30 Iowa 423; *Williams v. Westcott*, 77 Iowa 332; *Harris v. Bigley*, 136 Iowa 307. It must be held, therefore, under this line of authorities, that in the original action in this case jurisdiction of the minor was obtained to a sufficient extent to warrant the court in entering the decree it did, in so far, at least, as this contention is concerned.

But appellee insists that a guardian *ad litem* cannot legally be appointed until after the required service of notice by which the court acquires personal jurisdiction of the minor, and that the mere appointment of a guardian *ad litem* confers no jurisdiction to the court other than that already acquired. We are disposed to agree with this doctrine, so far as the instant case is concerned; but since we hold that the jurisdiction of the minor was obtained by due publication of notice, the contention as conceded becomes innocuous.

The question reduced to its lowest terms is: Where the court has jurisdiction of the minor, and appoints a guardian *ad litem*, who files answer, and on the trial a decree is entered adverse to the minor, has the minor the right, under the aforesaid Section 11595, Code of 1924, at any time within two years, to file a motion, tender answer, and give the bond provided to have a retrial of his case; or does the fact that a guardian *ad litem* was appointed, answer made, trial had, and decree ren-

dered, constitute such a final adjudication that such minor is not entitled to the benefits of said Section 11595? The contention of appellant is that such a decree is conclusive on the minor, and he cites, as supporting his contention, *Judd v. Mosely*, supra; *Webster v. Page*, 54 Iowa 461; *Williams v. Westcott*, supra; *Harris v. Bigley*, 136 Iowa 307; *In re Estate of Kempthorne*, 188 Iowa 70.

The *Williams* case, supra, was an action in equity, to set aside a decree in partition, and not an action under Section 11595. The opinion recites that none of the minors had any knowledge of the action until more than two years after the decree had been rendered, and in that case it was held that the published notice, followed by the appointment of a guardian *ad litem* who filed answer, and the rendering of a decree, were sufficient to make such decree final and conclusive. No question could, of course, be raised in that case under Section 11595; hence it does not support appellant's contention.

In the *Webster* case, an attorney appeared for the minor and filed answer, and thereafter a guardian *ad litem* was appointed, who appeared and acted for the plaintiff. There is no question of published notice in the case, and no question involving rights under the sections existing at that time corresponding to Section 11595 of the present Code.

In the *Harris* case, the action was in equity, to set aside a decree quieting title in land. It was brought more than four years after the original decree was entered, and Section 11595 is not involved.

In the case of *In re Estate of Kempthorne*, the action was to set aside a judgment refusing and denying the probate of a will. On the original hearing, a guardian *ad litem* was appointed, to represent the minor. On August 18, 1915, an order was made denying the admission of the will to probate, and in 1918, the present action was brought. No question of publication of notice or of the exercise of the right under Section 11595 is involved.

In *Judd v. Mosely*, supra, the question raised in the case on demurrer was as to the jurisdiction of the person of minor defendants. The court there said:

. "This is one of the actions in which the service of notice may be made by publication, as was done in this case * * *

The district court has jurisdiction in actions against minors, the same as adult defendants; but where a minor is sued, his defense must be made by his regularly appointed guardian, if he has one, and if not, by a guardian appointed by the court. * * * Before any judgment can be rendered against an infant, he must be defended by guardian, and the court is authorized to appoint a guardian for this purpose only after due and legal service of the original notice on the infant, in the manner directed in the Revision [1860], Section 2779. The statute points out no other or different mode of service by publication, where the defendants are minors, than the one to be followed in case of adults. No objection is made to the service, and we have discovered none. The action being one wherein the court acquired jurisdiction by service of notice by publication, and the service being thus made, it had jurisdiction over the persons of the defendants, so far as was necessary to grant the relief prayed in the petition."

It is apparent, therefore, from these cases and from such search as we have made of our own and cases from other states, that the question before us is *res integra*. If Dale Mortimer Robinson, at the time the original decree was entered, had been a nonresident adult, no one would question his right to avail himself of the provisions of Section 11595. Does the fact that he was a nonresident minor at the time, represented by a guardian *ad litem*, change this rule? We are disposed to the opinion that it does not. The aim and purpose of all courts during all times has been, so far as possible, to shield and protect persons under disability; and to say that the nonresident minor was bound in this case, where an adult would not be, would not be protecting the person under the disability, but rather penalizing him because he was under such disability. The statute itself specifically grants the right to have a retrial of the action "when a judgment has been rendered against a defendant or defendants." This statute is all inclusive, and the rights conferred are available to every defendant who is circumstanced as provided in the statute. If every defendant is entitled to avail himself of the benefit of this statute under the proper circumstances, we know of no rule or reason why we should distinguish between adults and minors, and thus put the minors

at a disadvantage. The ruling of the district court granting the motion to retry this case was right.—*Affirmed.*

STEVENS, C. J., and EVANS, FAVILLE, and MORLING, JJ., concur.