MARTIN et al. v. BETTER TASTE POP-
CORN CO., Inc.

Civ. No. 1-1.

United States District Court,
S. D. Iowa, S. D.

April 1, 1950.

Oscar E. Johnson of the firm, Ross, Johnson, Northrop & Stuart, of Council Bluffs, Iowa, appeared for the movant (defendant).

Paul Ferguson of Ferguson & Ferguson, Shenandoah, Iowa, appeared for plaintiffs.

SWITZER, District Judge.

The petition, as so designated by plaintiffs, was filed and the action commenced in the District Court of Iowa in and for Fremont County, wherein, as alleged, there is situated 4¼ million pounds of stored popcorn, a part of which is the property of the plaintiffs, having been commingled with the remainder and unidentifiable therefrom.

Plaintiffs seek a decree determining the respective interests of each of the owners of said stored popcorn, claiming said popcorn cannot be divided or partitioned in kind; for a referee to take possession thereof, and preserve the same under order of this court, and further, that the court order an appearance and hearing and prescribe the method of notice on the defendant; for a judgment against the defendant and the popcorn, for the costs of the action and such further relief as the court may find proper. In short, this is an action to partition personal property, located in Fremont County, Iowa, in the custody of the defendant, a non-resident corporate defendant.

The State court, pursuant to said petition, entered an order on January 25, 1950, which provided, as follows: "Therefore, it is hereby Ordered, that the defendant be required to make and file appearance in said cause in said court on or before five days after personal service of original notice on him, or default will be entered against him by said court and such judgment rendered against him by said court as plaintiffs show themselves entitled to."

Pursuant to this order an original notice was duly served upon the defendant cor-poration on January 30, 1950, in Madison County, Indiana. Thereafter, on Feb. 4, 1950, the defendant filed a petition for removal from the State court to this court, and on Feb. 8th filed herein what it denominated a "Special Appearance", in which the defendant attacks and objects to the jurisdiction of this court, the effect of which is a motion to quash process and to dismiss, the reasons for which are, briefly:

(1) That this court lacks jurisdiction over the defendant in that no legal service of the original notice has been had upon the defendant and that therefore there is an insufficiency of process and service of process under the laws of the State of Iowa.

(2) That this court lacks jurisdiction of the subject matter in that all of the owners of an interest in the popcorn in question are not joined as parties plaintiff or defendant as required by Rule 273 of the Iowa Rules of Civil Procedure.

The sole basis for the removal of this cause to the Federal Court is diversity of citizenship. No federal question is involved and the disposition of this special appearance must therefore be determined in accordance with the laws of the State of Iowa. Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231.

Rule 270 of the Iowa Rules of Civil Procedure provides: "Real or personal property may be partitioned by equitable proceedings. * * *"

Assuming proper process therefor, the Iowa District Court of Fremont County, had jurisdiction of this action. Under the procedure provided in the Iowa rules the courts of Iowa are authorized to order an early hearing in such actions. Rule 274 of the Iowa Rules of Civil Procedure provides: "After a petition is filed seeking partition of personalty only, the court may order appearance and hearing at any specified time and place in the judicial district on not less than five days personal service of original notice on all defendants." And such an order was obtained by the plaintiff·

in the State Court on the 25th of January, 1950, as hereinabove set forth.

It should be noted that the requirement of Rule 274 that "personal service" of the original notice in this case was fulfilled, even though the notice was served personally outside of Iowa.

■ "Personal service" ordinarily means service upon the defendant personally; Scanlon v. Scanlon, 154 Iowa 748, 135 N.W. 634, 637; and the same is true when personal service is had upon a defendant in whatever place he may be found. Potter v. LaPointe Machine Tool Co., 201 Mass. 557, 88 N.E. 418, 420.

■ Did the five-days' notice prescribed by the State court to the defendant in this case in which to make an appearance and defend, allow a sufficient time in view of the residence of the defendant in the State of Indiana to satisfy the due process clause of the Constitution of the United States, Amend. 14. I believe the answer to be in the affirmative. Many of the cases appearing to hold to the contrary were written in times when methods of communication and travel were much more complicated and slower than they are today. It should be noted that on the 4th day following the personal service of this notice upon the defendant, its attorneys filed in this court a petition for removal to the Federal court. Certainly this fact is a test, if not determinative, of the question.

In the case of Davidson v. Henry L. Doherty & Co., 214 Iowa 739, 241 N.W. 700, 91 A.L.R. 1308, Justice Faville, speaking for the court, upheld an Iowa statute providing for service of notice on a nonresident defendant having an interest in property in the State of Iowa, and fully discussed the question here involved. He said, 214 Iowa on page 744, 241 N.W. at page 702—

"Does the statute contravene the due process clause of the Fourteenth Amendment to the Constitution of the United States?

"The phrase 'due process of law' has been construed by almost innumerable decisions, many of which may be found in Words and Phrases, * * * under the caption, 'Due process of law.'

"In Simon v. Craft, 182 U.S. 427, 21 S.Ct. 836, 839, 45 L.Ed. 1165, the Supreme Court of the United States said:

" 'The essential elements of due process of law are notice and opportunity to defend. In determining whether such rights were denied we are governed by the substance of things, and not by mere form.'

"The court also said:

" 'But the due process clause of the 14th Amendment does not necessitate that the proceedings in a state court should be by a particular mode, but only that there shall be a regular course of proceedings in which notice is given of the claim asserted, and an opportunity afforded to defendant against it. Louisville & N. R. Co. v. Schmidt, 177 U.S. 230, 236, 20 S.Ct. 620, 44 L.Ed. 747, 750, and cases cited.'

"See also, Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434; Earle v. McVeigh, 91 U.S. 503, 23 L. Ed. 398; McDonald v. Mabee, 243 U.S. 90, 37 S.Ct. 343, 61 L.Ed. 608, L.R.A.1917F, 458.

"We have repeatedly recognized this general rule. * * *"

Rule 60 of the Iowa Rules of Civil Procedure provides:

"After filing an affidavit that personal service cannot be had on an adverse party in Iowa, the original notice may be served by publication, in any action brought: * * *

"(b) for the partition of real or personal property in Iowa; * * *."

The Iowa law also provides that service made upon a defendant outside of the State supersedes and takes the place of notice by publication, as Rule 64 reads: "Service of original notice in or out of Iowa according to rule 56, supersedes the need of its publication."

A reading of the original notice served upon the defendant in this case, together with the sworn return of the service, discloses that there can be no question but that the form of the notice was sufficient and the manner and method of service thereof was proper and constituted "personal service," so as to satisfy the requirements of Rule 274, supra.

The real test of the sufficiency of the notice in the instant case is whether or not the defendant was informed of the claim and the nature thereof and the time and place of appearance to defend within a sufficient time to afford it an opportunity to make such defense. I believe the notice and service thereof under these tests are sufficient.

Defendant contends that the requirements of Section 616.4, Code of Iowa, 1946, I.C.A., to wit: "616.4 Nonresident—attachment. An action against a nonresident of the state, when aided by an attachment, may be brought in any county of the state wherein any part of the property sought to be attached may be found, or wherein any part was situated when the action was commenced, or where the defendant is personally served in this state." precludes the possibility of the State court obtaining jurisdiction of a nonresident defendant owning property in this State unless aided by attachment. I do not believe this reasoning to be sound. The District Court in the State of Iowa is a court of general jurisdiction. Sec. 604.1, Code of Iowa 1946, I. C. A. Every state has uncontrolled jurisdiction over all property, real or personal, within its borders, and, as stated in Vol. 14 American Jurisprudence, Par. 189, p. 383: "Therefore, although a nonresident does not come within the territorial limits of a state, if he owns property therein the courts may acquire jurisdiction thereof which may be exercised on such property. Where property of a nonresident is thus brought within the jurisdiction of the court, notice of the proceedings may be given by publication, since the theory of the law is that the owner is always in possession of his property and that its seizure will warn him to look after his interests. * * *" See Perry v. Young, 133 Tenn. 522, 182 S.W. 577, L.R.A.1917B, 385.

Of course, no personal judgment can be rendered against such defendant and the court has jurisdiction only to the extent of adjudicating the interest in the thing itself, that is, the res or the property located within the State of Iowa. This, being an action to partition personal property in Fremont County, Iowa, is in the nature of a rem action, or, perhaps more correctly put, a "quasi-in rem" proceeding, and the Iowa Supreme Court has upon a few occasions held valid a decree on partition predicated only upon notice by publication to nonresidents and without attachment of the property itself to aid such published notice. See Williams v. Wescott, 77 Iowa 332, 341, 42 N. W. 314, 317, 14 Am.St.Rep. 287: "The petition shows that service by publication was made upon all the non-resident parties defendant in the partition proceeding. Such service was expressly authorized by statute. Code § 2618. (Code of Iowa 1873, now Rule 60 of the Iowa Rules of Civil Procedure). (2) It was sufficient as to non-resident minors. Judd v. Mosely, 30 Iowa 423, 426. A guardian ad litem was appointed, and filed answer for Edward Douthit. Therefore, as to his interests, the proceedings in partition had become final and conclusive in favor of defendants before this action was commenced."

Again, in the case of Clark v. Robinson, 206 Iowa 712, at page 718, 221 N.W. 217, 219, Judge Albert, speaking for the court said: "We have repeatedly held that due publication of notice under this section (Sec. 11081, Code of 1924, or old Sec. 2618 of Code of 1873, now Rule 60, Iowa Rules of Civil Procedure) of the statute did not confer jurisdiction on minors sufficient to warrant the court in granting the prayer of plaintiff's petition in causes of action above referred to. (Citing cases.) It must be held, therefore, under this line of authorities that in the original action in this case jurisdiction of the minor was obtained to a sufficient extent to warrant the court in entering the decree it did in so far at least as this contention is concerned."

Since, as we have seen by Rule 64 of the Iowa Rules of Civil Procedure that actual service of notice upon a nonresident outside of the state is tantamount to published notice, and since Rule 60 applies to personal property and real property with like force and effect, it follows that each of the last above referred to cases in this state stand as authority against the defendant's contention that Section 616.4, supra, is exclusive and does not permit acquisition of

jurisdiction in the absence of an attachment.

In First Trust Co. of St. Paul v. Matheson, 187 Minn. 468, 246 N.W. 1, page 2, 87 A.L.R. 478, the Supreme Court of Minnesota said:

"The next inquiry is whether there are means for exercising jurisdiction. With us, as in most states, substantive law is implemented with the procedural device of substituted service. Service of summons may be by publication or personally without the state in the cases enumerated in section 9235, Mason's Minn.St.1927 [M.S.A. § 543.12]. One of them (subsection 5) is 'when the subject of the action is real or personal property within the state, in or upon which the defendant has or claims a lien or interest, or the relief demanded consists wholly or partly in excluding him from any such interest or lien.' Explicitly providing for the exercise of jurisdiction over personal property, there is no room for negative or restricted interpretation. There is a similar act of Congress, section 57 of the Judicial Code (28 U.S.C.A. § 118 [now Sec. 1655, Title 28 U.S.C.A.]), providing that the United States District Courts may proceed in rem or quasi in rem by substituted service, personal, 'if practicable,' and, if not, then by publication. There is no longer question of the validity of such laws and the right they give to act, not on or against persons, but solely on or in respect to personal as well as real property and upon or against the interests of persons having or claiming such property or some right therein. Shepherd v. Ware, 46 Minn. 174, 48 N.W. 773, 24 Am.St.Rep. 212; Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565; Arndt v. Griggs, 134 U.S. 316, 10 S.Ct. 557, 33 L. Ed. 918; Hamilton v. Brown, 161 U.S. 256, 16 S.Ct. 585, 40 L.Ed. 691; 15 R.C.L. 633.

"Under such laws, the only question, the statute complied with, is whether in case of chattels the res is so localized—has such situs within territorial reach of the court—as to be subject to a proceeding in rem or quasi in rem. * * *" The Minnesota statute cited in the foregoing case is, as seen from our citation of Iowa statutes, synonymous therewith on the points involved

Obviously, the conclusions reached above would not apply in actions where a personal liability or obligation of a nonresident defendant is sought to be enforced against the property of said defendant in the State of Iowa. In such a situation the property of such nonresident defendant must be brought by attachment before the court under a process from that court. Defendant cites several cases where this situation existed. Hedrick & Gillespie v. Brandon, 9 Iowa 319, where the action was based on two notes and in which a judgment was sought. The action was brought in Adams County, Iowa. The property of defendant was found in Taylor County. No writ of attachment was issued in Adams County. The notice was by publication and there was no appearance. Under the Code such an action must be brought in the county where the property of the nonresident is found and would of necessity need be aided by attachment.

Again, in Sloan-Pierce Lumber Co. v. Gardiner, 231 Iowa 1194, 3 N.W.2d 531, an action was brought against a nonresident for specific performance of a real estate contract on property in Dallas County, Iowa. No property was attached in Dallas County but there was a garnishment proceedings instituted in Buena Vista County. The Iowa Supreme Court correctly held that it acquired no jurisdiction of the case and it is noteworthy that 231 Iowa on page 1199, 3 N.W.2d at page 533, Judge Bliss specifically states:

"This action is not to recover real property * * *." It is obvious that the court meant by this statement that if the case had been an action to partition real property the result would have been different; and, as we have seen, partition of real property in Iowa stands in no different position than that of personal property with reference to the jurisdiction of the court.

Again, in Federal Land Bank of Omaha v. Jefferson, 229 Iowa 1054, 295 N.W. 855, 132 A.L.R. 1282, plaintiff sought to recover on a deficiency judgment obtained in South Dakota in the District Court of Pottawattamie County, Iowa, which action was aided by an attachment. The defend-

ant appeared and demurred; the demurrer was sustained, and, under the procedure as it was at that time, plaintiff elected to stand on the demurrer and appealed but did not do so within the statutory period provided for appeals in attachment cases, with the result that the attachment therein was dissolved. The court held the action failed because of the loss of this jurisdictional requirement in an action of this sort.

Clearly the last three above cited cases are distinguishable from the case at bar. In each of them a personal right against property was sought to be enforced. In the instant case the right sought to be enforced is not a personal one at all, but rather a right in the res itself, which is located, according to the pleadings, in Fremont County, Iowa, the county in which this action was commenced.

Having resolved the first proposition against the defendant, we must now turn our attention to the question of whether this court has jurisdiction of the subject matter of this cause inasmuch as the defendant contends that it does not. The subject matter of this cause of action is the 4¼ million pounds of popcorn stored in warehouses in Fremont County, Iowa, sought to be partitioned herein. To my mind, failure of the plaintiffs to join indispensable parties at this stage of the proceedings, even though required by Rule 273 of the Iowa Rules of Civil Procedure, is not fatal to jurisdiction here. It is true that said Rule 273 provides: "(a) Indispensable parties. All owners of undivided interests, and all holders of liens against less than the entire property are indispensable parties to any partition. All holders of any liens on personalty are also indispensable to its partition."

And it is likewise true, as disclosed by the petition here itself, that all of the indispensable parties necessary to a final determination of this cause are not presently joined in this action. As such, it would not be possible or proper for this court, having assumed jurisdiction, to proceed to a final determination without first requiring that all indispensable parties be joined herein. Rule 25(c) of the Iowa Rules of Civil Procedure provides: "(c) If an indispensable party is not before the court, it shall order him brought in. When persons are not before the court who, although not indispensable, ought to be parties if complete relief is to be accorded between those already parties, and when necessary jurisdiction can be obtained by service of original notice in any manner provided by these rules or by statute, the court shall order their names added as parties and original notice served upon them. If such jurisdiction cannot be had except by their consent or voluntary appearance, the court may proceed with the hearing and determination of the cause, but the judgment rendered therein shall not affect their rights or liabilities." To the same effect see Rule 19(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

■ I must therefore conclude that this court has jurisdiction of the parties hereto and of the subject matter hereof and that the Special Appearance of the defendant should be overruled in all respects; that this is an action to partition personal property located in Fremont County, Iowa, and that all persons having an interest therein or lien thereon are necessary and indispensable parties to this suit and that they should be joined as parties plaintiffs or defendants herein.