## COOLEY v. OSBORNE ET AL.

1. **Referee:** FINDING OF FACT. The finding of fact of a referee in a law action stands as the verdict of a jury.

2. **Statute of Frauds:** AGREEMENT TO CONVEY. An agreement to foreclose a mortgage and convey the land acquired thereunder to another is not within the statute of frauds and may be proved by parol.

3. **Contract:** CHAMPERTY. An agreement by a mortgagee that he would foreclose a mortgage executed for his protection as surety, and authorize the sheriff's deed to be made to the payee of the note upon which he was surety, in consideration that he should be released as such surety, and be reimbursed for a certain sum he had already paid on the note, was *held* not to be champertous.

*Appeal from Mahaska Circuit Court.*

THURSDAY, APRIL 10.

THIS is an action upon a promissory note for the sum of one hundred and fifty dollars, executed by the defendant to plaintiff.

. The answer alleges that there has been a former adjudication of the matters herein, for that the plaintiff commenced an action on the note in controversy, against the defendants, before David Clammer, a justice of the peace of Monroe township, Mahaska county, and on the 30th day of April, 1875, judgment was rendered in favor of defendants on the merits, and against the plaintiff for the costs. The answer of the defendants further alleges: "That the defendants McCann and Taylor signed said note as sureties; that the said McCann has paid eighty-five dollars and fifty cents on same; that said McCann and Taylor held a mortgage on the premises sold by said Cooley to Osborne to secure them for signing said note; that it was agreed about May, 1876, between plaintiff and defendants McCann and Taylor, that they should foreclose said mortgage, and by process of foreclosure, pursuant to said agreement, cut the rights of said defendant Osborne out of said premises, and that Cooley would take the mortgage and pay them the eighty-five dollars and fifty cents, paid, and release them from further liability, wherefore defendants ask judgment for costs."

The cause was referred to F. M. Davenport. Pending the trial before the referee the defendants filed an amendment to their answer as follows:

"Now comes defendant and tenders the sheriff's certificate of purchase of lot 2, block 4, Indianapolis, Iowa, to plaintiff, and hereby authorizes the sheriff to make a deed to plaintiff, as provided by law, upon the payment to him for the defendants of the sum of eighty-five dollars and fifty cents, and interest thereon at six per cent to the date of payment,

from the 9th day of December, 1874. This tender and cer-tificate to remain in court until the payment of said eighty-five dollars and fifty cents, and interest, by plaintiff."

The referee made the following report:

"1. That on the 14th day of July, 1873, the defendant J. A. Osborne executed his note to the plaintiff, with his co-defendants, E. H. McCann and Amos Taylor, as sureties, for the sum of one hundred and fifty dollars, due in twelve months after date, with interest at the rate of ten per cent per annum from date.

"2. That said note was executed for a part of the purchase money of an undivided one-half of lot 2, in block 4, in the town of Indianapolis, Iowa; and to secure the said McCann and Taylor against loss by reason of signing said note as sureties, the said J. A. Osborne executed a mortgage on the above described real estate, and delivered the same to them as indemnity against liability on said note.

"3. That on December 9, 1874, the defendant McCann paid on said note eighty-five dollars and fifty cents, and the same was indorsed as a credit on the same.

"4. That on the 20th day of April, 1875, suit was brought on said note by plaintiff before David Clammer, J. P., and on the 30th day of April, 1875, said cause was set for trial, and said defendants McCann and Taylor appeared and pleaded as a defense to said suit a want of consideration for the note, and that the title to the real estate for which said note was given was not transferred by the deed executed by plaintiff therefor, and upon said plea being entered in said cause judgment was entered for defendants, and against the plaintiff for costs of suit, taxed at five dollars and forty cents.

"5. That on or about the ―― day of May, 1876, it was agreed between plaintiff and McCann, defendant herein, that said McCann would foreclose the mortgage executed by defendant Osborne to him, as surety, on this property for which this note was given, and sell the property under the foreclos-

ure, and authorize the sheriff to make the deed to plaintiff; or, if McCann should buy in the property at sheriff's sale, he should make a deed to plaintiff, and upon so doing plaintiff should pay back to said defendant the eighty-five dollars and fifty cents which he had paid, with interest at the rate of six per cent per annum from the date of the payment by said McCann, and surrender the note sued on in this cause.

"6. That in pursuance of said agreement said McCann proceeded to foreclose the mortgage above referred to, and did foreclose the same, and said property was sold under the decree of foreclosure entered in said suit, and was bought in by said McCann, who received a certificate of purchase of the same, and he now tenders the same in court for the use of said plaintiff, on complying with his part of said agreement; and on his complying with said agreement the sheriff is authorized to execute a deed to plaintiff for said property instead of to the defendant McCann.

"As conclusions of law from the foregoing facts I find:

"1. That defendants in this suit are not liable in any sum whatever on said note sued on in this action.

"2. That defendants are discharged from liability on said note by reason of the agreement made in May, 1876, between McCann and plaintiff.

"3. That there has not been a former adjudication of the matters in this suit, because it does not appear that a trial was had on the issue formed in the cause before David Clammer, justice of the peace. I therefore recommend the court to render judgment against the plaintiff for costs of this suit."

The plaintiff filed exceptions to the report of the referee, and moved to set it aside. The defendants moved the court to confirm the report of the referee, and enter judgment thereon. The court overruled the plaintiff's motion and sustained the defendants' motion. The plaintiff appeals.

*Williams & McMillen*, for appellant.

*Bolton & McCoy*, for appellees.

Day, J.—I. One of the grounds of exception to the report of the referee, and of the motion to set it aside, is that the facts reported are contrary to the pleadings. It is now claimed that there is a total variance between the pleadings and the proof. It is claimed that the answer simply alleges that Cooley was to take the mortgage, whereas the defendant introduced evidence, and the referee found that McCann was to foreclose the mortgage, executed by defendant Osborne to him as surety, and sell the property under the foreclosure, and authorize the sheriff to make a deed to plaintiff; or, that if McCann should buy in the property at sheriff's sale, that he would execute a deed to plaintiff therefor. The answer alleges that it was agreed between plaintiff and defendants McCann and Taylor that they should foreclose the Osborne mortgage, and by process of foreclosure cut the rights of said defendant Osborne out of said premises; and that Cooley would take the mortgage and pay them the eighty-five dollars and fifty cents paid, and release them from further liability. The allegation that Cooley was to take the mortgage after foreclosure of the same can mean nothing else than that he was to be subrogated to the rights of the mortgagees after sale; in other words, that he should be entitled to the sheriff's deed. The defense is not pleaded with technical exactness, and, upon motion, might have been required to be made more specific and certain; but there is, we think, no substantial variance between it and the proof and the facts reported by the referee.

II. It is claimed that the contract is unilateral and without consideration; that McCann agreed to do nothing, and 1. REFEREE: that there is nothing in the report of the referee finding of fact. or in the evidence to show that McCann agreed to procure title and convey the same to Cooley.

The referee finds that it was agreed that "McCann would foreclose the mortgage executed by defendant Osborne, and sell the property under the foreclosure, and authorize the sheriff to make the deed to plaintiff; or, if McCann should

Cooley v. Osborne.

buy in the property at sheriff's sale, he should make a deed to plaintiff." This finding clearly shows an agreement on the part of McCann. The finding is not without evidence to support it. This is a law action, and the report of the referee stands as the verdict of a jury.

III. It is claimed that the contract testified to by McCann is within the statute of frauds, in that the testimony of this

2. STATUTE of frauds: agreement to convey.

witness tends to establish a verbal agreement on the part of Cooley to buy real estate, no part of the purchase money being paid. The case falls within the principle of *Bannon v. Bean et al.*, 9 Iowa, 395, and under the doctrine of that case the contract found by the referee to exist is not within the statute of frauds.

IV. It is urged that defendants have placed it out of their power to carry out the contract alleged in the answer, because they have merged the mortgage in a judgment for eighty-eight dollars, while the mortgage was given to secure the defendants McCann and Taylor from liability upon a note which amounted, principal and interest, at the time of the decree, to two hundred and five dollars. McCann had paid only eighty-five dollars and fifty cents on the note, and could foreclose for no more than that amount. The foreclosure for that sum was in direct accord with the agreement.

V. It is claimed that McCann did not unqualifiedly agree to prosecute the case to a foreclosure, and that if he had

3. CONTRACT: champerty.

done so in consideration of release from the note and eighty-five dollars and fifty cents and interest, the agreement would have been champertous, and could be enforced by neither party. The foreclosure of the mortgage was for McCann's benefit, and could not furnish a consideration for release from the note and payment of eighty-five dollars and fifty cents. The consideration for that agreement is the undertaking of McCann that upon sale of the mortgaged premises they shall be deeded to Cooley. There is no element of champerty in the agreement as we can see. The referee has found that McCann did agree to foreclose the mortgage

and cause the conveyance, upon sale, to be made to the plaintiff. The finding is not without support in the evidence.

VI. The referee found that McCann agreed that if he should buy in the property at sheriff's sale he would make a deed to plaintiff; that he did buy in the property and received a certificate of purchase, and that he tenders the same in court for the use of the plaintiff. The evidence shows that McCann bought the property at sheriff's sale during the pendency of this trial, on the 25th day of May, 1878, subject to redemption within one year. Defendants amended the answer and pleaded a tender of this certificate to plaintiff. The referee finds that McCann agreed to deed the property to plaintiff. He has not done so, and, if the property shall be redeemed from the sale, he may not be able to do so. The defendant has not shown a compliance with the agreement which the referee finds he made. The defendants are entitled only to have the action of plaintiff abated until it shall be determined whether the property will be redeemed from the sheriff's sale. In rendering an absolute judgment against plaintiff the court erred. The judgment is reversed, and remanded for judgment in harmony with this opinion.

REVERSED.