WADSWORTH v. NEVIN.

1. **Mortgage Foreclosure:** PERSONAL JUDGMENT AGAINST MORTGAGOR: FACTS ENTITLING TO. In an action to foreclose a mortgage given to secure purchase-money for land, the mortgagor resisted the rendition of a personal judgment against him on the grounds (1) of fraud or mistake in the execution by plaintiff and the acceptance by defendant of a quit-claim deed instead of a deed of warranty; (2) an oral agreement by plaintiff to refrain from demand of payment until the title of the property should be perfected in defendant; (3) failure of consideration for the notes. But, upon consideration of the evidence, *held* that none of these defenses was established, and that a personal judgment should be rendered on the notes, as well as a decree foreclosing the mortgage.

*Appeal from Linn Circuit Court.*

SATURDAY, JUNE 7.

ACTION in chancery to foreclose a mortgage. Upon the

final hearing on the merits, the circuit court rendered a decree foreclosing the mortgage, but refused to render a personal judgment against the mortgagor; but such refusal is declared to be without prejudice to a future action, should it be brought by plaintiff, to recover a personal judgment against defendant. Plaintiff appeals.

*Ellis, Murphy & Gould*, and *John N. Rogers*, for appellant.

*J. B. Young*, for appellee.

Beck, J.—I.   The defendants in their answer allege that the mortgage which plaintiff seeks to foreclose in this action, and the notes secured thereby, upon which plaintiff asks for a personal judgment, were executed to secure a part of the purchase-money of the land described in the mortgage, the remainder having been paid at the time of the purchase. They aver that plaintiff claimed title to the property; that through fraud or mistake he executed and delivered to defendant, William Nevin, a quit-claim deed for the property, which, through haste and inattention, was accepted by defendants, who did not discover the character of the conveyance until some considerable time after the purchase of the land and the execution of the notes and mortgage and the payment of part of the consideration, and that thereupon defendants advised plaintiff of the mistake in the deed, who admitted his obligation to execute a warranty deed, and verbally promised to perfect the title, which was not in him, and agreed that he would not demand payment of the notes until he should do so.   The defendants further allege that the title to the greater part of the property plaintiff failed to perfect, and that defendant, William Nevin, acquired no title thereto by the quit-claim deed executed to him.  .Further recitations of the pleadings are not necessary in the view we take of the case. By the decree of the circuit court the mortgage was foreclosed, but plaintiff's prayer for a personal judgment upon the notes

against the mortgagor was denied. The cause is for trial in this court *de novo*.

II. The answer of defendants presents three grounds of defense to the action, namely:

1. Fraud or mistake in the execution by plaintiff, and the acceptance by defendant, Nevin, of the quit-claim deed instead of a deed of warranty.

2. An oral agreement to refrain from demand of payment by plaintiff until the title to the land should be perfected in defendant.

3. Failure of consideration for the notes.

Each of these defenses may be disposed of by a brief discussion.

III. Upon a careful consideration of the evidence, we are unable to reach the conclusion that there was any fraud or misrepresentation practiced by plaintiff in order to induce defendant to accept the quit-claim deed. It is true that both parties supposed that plaintiff held the title to the property, and that the quit-claim deed would convey it to defendant. There is not one word to authorize the conclusion that plaintiff agreed to convey by a deed of warranty, or that defendant even expected to secure such a conveyance. Indeed, there is evidence authorizing the contrary conclusion. The quit-claim deed defectively described a part of the land. In order to cure this defect in the title, defendant, Nevin, a long time after the execution of the first deed, sent to plaintiff, with the request that he execute for it, another quit-claim deed properly describing the premises. He surely would not have been content to accept the second quit-claim, had there existed an understanding that the land should be conveyed by deed of warranty. It also appears from the evidence that defendant expressed no dissatisfaction with the form of the deed until after he discovered that plaintiff had no title to the land. These facts tend affirmatively to establish that there was no understanding of the parties which required plaintiff to execute a deed of warranty. And certain it is that the evidence utterly fails

to show fraud or mistake on the part of plaintiff in executing and delivering a deed of quit-claim.

IV. The evidence also fails to support the claim of defendant that plaintiff agreed to refrain from enforcing payment of the notes, and grant defendant indulgence, until the title to the property should be perfected. The evidence of defendant is quite explicit to this effect, while plaintiff as postively denies the agreement. The burden rests upon defendant to establish the defense by proof overcoming the testimony of plaintiff; this he failed to do. The most that can be said of defendant's testimony upon this point is that it balances plaintiff's evidence. As he fails in presenting a preponderance of proof, the defense under consideration cannot be regarded as established.

V. The evidence fails to sustain the defense based upon an alleged failure of consideration. The notes were given for plaintiff's interest in the property, whatever that may have been, which was conveyed, as we have seen, by a quit-claim deed. It cannot be doubted that under this conveyance defendant entered into the possession of the lands, which he has held for ten years. There has been no failure of consideration. The defendant obtained just what he purchased, as shown by the quit-claim deed, namely, plaintiff's interest in the property, which at best was the possession thereof, which defendant has retained for many years. In addition to this, it may be said that the contract for the purchase of the lands under which the notes were given was an entire contract for the purchase of two tracts, the title to one of which has been perfected. It constitutes a consideration sufficient to support the notes. The conclusions we have announced are based upon familiar rules of the law. No citation of cases is demanded to assure their recognition. In our opinion the circuit court should have entered a personal judgment against defendant, Nevin, upon the notes secured by the mortgage. The cause will be remanded for such a judgment, or, at plaintiff's option, it may be entered here.

REVERSED.