## PENNYBACKER V. LEARY.

1. **Statute of Frauds:** CONTRACT FOR PARTNERSHIP TO BUY AND SELL LANDS. A parol agreement for the creation of a partnership. for the purpose of buying and selling certain lands, is not an agreement for the transfer of the title to lands, and is not within the statute of frauds. *Richards v. Grinnell*, 63 Iowa, 44, followed.

2. **Partition:** OF LANDS OWNED BY FIRM: FACTS NOT ENTITLING TO. Where plaintiff and defendant entered into a partnership for the purchase and sale of certain lands with defendant's money,—plaintiff's services being put against the use of defendant's money, with the understanding that, upon the sale of the lands, defendant should be reimbursed for the money advanced, with interest, and that the profits of the venture should be divided, and the lands were purchased accordingly in defendant's name, *held* that plaintiff was entitled to no part of the lands or profits until a final settlement of the partnership, and that an action brought by him for a partition of the lands was properly dismissed.

### Appeal from Woodbury Circuit Court.

### FRIDAY, DECEMBER 5.

ACTION IN CHANCERY. Upon a trial on the merits, plaintiff's petition was dismissed. He now appeals to this court.

*J. H. & C. M. Swan*, for appellant.

*Joy, Wright & Hudson*, for appellee.

BECK, J.—I. The petition alleges that the parties entered into a parol contract of partnership for the purchase and sale of certain tracts of land, containing together 400 acres; that, in pursuance of this contract, the lands were purchased, and the title conveyed to defendant, and that thereby they each became the owner of an undivided one-half thereof. The special relief prayed for is that the interest of the parties be confirmed, and that the lands be partitioned accordingly. The petition also asks for general relief. The answer of the defendant denies the contract of partnership, and the interest

claimed by plaintiff in the lands. Other allegations of the pleadings need not be recited here.

II. The preponderance of the evidence establishes that the parties did enter into a contract for the purchase of the land, whereby they were to share in the profits and losses of the transaction. By the terms of the agreement, plaintiff was to purchase the lands in defendant's name, who should advance the whole of the purchase money, and be allowed interest thereon at the rate of 10 per cent per annum. The lands, or the profits remaining, after deducting from the proceeds of the sale of the land the purchase money, interest thereon, and taxes, were to be divided equally. Plaintiff's services in the purchase of the lands were put against the money for the purchase, furnished by defendant upon the terms just indicated. Plaintiff, in his own testimony, states the contract and transaction to this effect. Defendant contradicts this evidence, and denies that any such contract was made. But plaintiff's testimony is strongly and directly corroborated by two witnesses, who either were present when the contract was made, or heard defendant admit it substantially in the form testified to by plaintiff. This oral contract must be regarded as established by the preponderance of the evidence.

III. But defendant insists, and pleads as a defense in his answer, that, as the contract was for the purchase of an interest in lands, and was wholly oral, it cannot be enforced under the statute of frauds. The contract, to be truly stated, amounted to a parol agreement for the creation of a partnership, the object of which was to acquire and sell certain lands. The part of the agreement obligating the parties to purchase the land was but an incident of the contract of partnership. It provided for the subject and manner of investment of the capital of the firm. It was simply an agreement that the firm would buy the lands. By this agreement neither party bought or sold lands. It was not an agreement for the pur-

1. STATUTE of frauds : contract for partnership to buy and sell lands.

chase and sale of lands. It was nothing more than an agreement that the firm should buy lands of another, which should be held as firm property. It was not, therefore, an agreement or contract under which an interest in or title to lands was attempted to be transferred. It simply provides what interest the parties shall have therein, when the lands shall be acquired, as provided by the contract. Surely, if two persons agree to enter into a partnership for the purchase and sale of dry goods, and therein specify the manner of the contribution of the capital of the firm, and the goods to be purchased therewith, and the persons of whom they shall be purchased, the contract could not be regarded as creating or transferring any property or interest in the goods intended to be purchased. There is no distinction in principle between that case and this. We conclude that the contract in question is not within the contemplation of our statute of frauds, which provides that no evidence of a contract "for the creation or transfer of any interest in lands, except leases for a term not exceeding one year," is competent, "unless it be in writing, and signed by the party to be charged, or by his lawfully authorized agent." Code, § 3663.

The rule which we recognize is applied and illustrated in *Richards v. Grinnell*, 63 Iowa, 44; *Bannon v. Bean*, 9 Iowa, 395; *Cooley v. Osborne*, 50 Iowa, 526. See, also, *Carr v. Leavitt*, 54 Mich., 540. In *Richards v. Grinnell* it was held that a contract to enter into a partnership for the purpose of buying and selling lands is not within the statute of frauds. Many of the authorities referred to by counsel in this case are cited and considered in the opinion. That case is not distinguishable in its facts from this. Practically, the only difference consists in the fact that in this case the oral contract of partnership contemplates the acquisition by the firm of certain specified tracts of land; in that case the quantity and precise description were not specified, though their locality was. This difference does not require the application of other or different principles of law to the respective cases.

IV. It will be observed that the lands, as we have before stated, were not purchased by the contract for the co-partner-

**2. PARTITION: of lands owned by firm: facts not entitling to.** ship, but by a subsequent purchase made in pursuance thereof. The case, then, assumes the aspect of the purchase of lands by a co-partnership. While the title of the lands was, under this purchase, vested in defendant, they were really held by him in trust as partnership property. Plaintiff's interest in the lands is that of a partner, as prescribed by the contract of co-partnership. It is plain that plaintiff is not entitled to a partition of the lands, as he specially prays in his petition. Defendant furnished the money to purchase the lands, and, under the contract of co-partnership, he is to be allowed a return thereof, with 10 per centum interest. After the sale of the lands and the repayment of the sum he advanced, with interest and taxes, the lands or the profits, if a sale shall be made, are to be divided between the parties. Plaintiff is entitled to no part of the lands or profits until defendant be paid and the partnership settled. It is not made to appear that plaintiff is entitled now to enforce a sale of the lands and the final settlement of the partnership, if such relief could be granted under the general prayer of his petition. He is surely not entitled to a partition of the lands, for which he specially prays. We therefore think that his petition ought to be dismissed, but he ought not to be precluded from seeking in a proper action the settlement of the partnership, and the recovery of his interest as a partner in the lands, or the profits thereof, whenever he may be able to establish his right to enforce such a settlement of the partnership. The petition is therefore dismissed, without prejudice to such an action.

AFFIRMED.