W. E. COTTRELL, Appellant, v. W. D. PIATT.

**Assault and Battery:** BURDEN OF PROOF. Where a complaint for assault and battery charged that defendant wilfully and wantonly threw plaintiff to the ground, the burden was on plaintiff to show, not only the battery, but the wilfulness and wantonness of it.

SAME. An instruction, in an action for personal injuries alleged to have been wrongfully and wantonly inflicted by defendant, which ignores such allegation, is properly refused.

**Instructions:** CREDIBILITY OF WITNESS: *Court and jury.* An instruction that in passing on the credibility of plaintiff and defendant as witnesses, the mere fact that they disagree as to what occurred at the time of the injury for which plaintiff brings suit, will not warrant the jury in discrediting either of them if they believe that each honestly stated the facts surrounding the transaction, and that unless either of them has been shown not to be worthy of credit by some other means, the jury should give credit to each, and, under such circumstances, the testimony of plaintiff would not preponderate over that of defendant, is not objectionable as invading the province of the jury.

*Appeal from Cedar District Court.*—HON. WILLIAM G. THOMPSON, Judge.

MONDAY, FEBRUARY 8, 1897.

ACTION for damages resulting from a personal injury inflicted by defendant upon the plaintiff,

Verdict and judgment for defendant, and the plaintiff appeals.—*Affirmed.*

*Wright & Wright* and *Charles W. Kepler* for appellant.

*Preston, Wheeler & Moffit* for appellee.

KINNE, C. J.—I. The petition charges that the defendant "wrongfully and wantonly took hold of plaintiff, and threw plaintiff violently down upon the floor of one of the furniture stores in Tipton, Iowa, * * * dislocating plaintiff's hip joint, and severely injuring and bruising his left hip and shoulder, and permanently injuring plaintiff's hip and leg." The answer is a general denial. It appears that the parties to this suit were the only witnesses who testified touching the alleged occurrence. The plaintiff asked the court to give the following instruction, which was refused, viz.: (3) You are instructed that the burden of proof is upon plaintiff to show that the defendant took hold of him, and threw him down; and, in order to establish the burden of proof, it is not necessary for the plaintiff to produce the greater number of witnesses; but if the testimony he has furnished satisfies you that his testimony is the more natural and reasonable, and tends to generate a belief of the truth of the same, and has greater weight than that furnished by the defendant, then the plaintiff has established the proof necessary to preponderate, and has established the burden of proof, and in such case, even if there should be only one witness testifying on each side, the evidence in such case would not stand in equipoise." Touching the same matter, the court instructed the jury as follows, viz.: "(6) It is incumbent upon the plaintiff to show by a preponderance of the evidence that the defendant took

hold of plaintiff, and wrongfully or wantonly—that is, wilfully,—threw him upon the floor, and injured him. And if you find that the plaintiff has testified that the defendant took hold of him, and intentionally threw him upon the floor, injuring him; that plaintiff is· a creditable witness; plaintiff is the only witness at the time so testifying; and if you find that the defendant, as a witness, has testified, denying the statements of the plaintiff, and testifying that plaintiff took hold of him first; that, whilst the parties so had hold of each other, they engaged in a mutual friendly contest, in which plaintiff was thrown, and received the injury complained of; that defendant is an equally creditable witness with plaintiff,—then you are instructed that the evidence upon the proposition so required to be proven . by the plaintiff is in equipoise, and there is no preponderance of the evidence in favor of the plaintiff, and he cannot recover. And you should find for the defendant. (7) In passing upon the credibility of the plaintiff and defendant as witnesses, you are instructed that the mere fact that they disagree as to what occurred at the time of injury, if you believe they each honestly stated the facts surrounding the transaction as it appeared to them, will not warrant you in discrediting either of them. And, unless they or either of them have been shown not to be worthy of credit by some other means, the jury. is not authorized to discredit either of them, but should give credit to each, and under such circumstances the testimony of plaintiff would not preponderate over that of the defendant, and you should find for the defendant." The action of the court was excepted to, and it is insisted that the instruction asked presented the correct rule, and should have been given, and that those given were erroneous, The instruction asked was

properly refused, for the reason that it ignored a material fact essential to plaintiff's recovery, viz., that the act alleged was wrongfully and wantonly done. Such was the allegation in the petition, and clearly the burden was on the plaintiff to establish that the act charged was done wrongfully and wantonly.

II. Considering all of the instructions, we discover no error in those complained of. In the first instruction, the jury were told that the burden of proof was on the plaintiff to establish, by a fair preponderance of the evidence, the material allegations of his petition, and that such preponderance meant the greater weight and value of the evidence, not the greater number of witnesses. Plaintiff claims that instructions 6 and 7, announced a rule contrary to that stated, in the first instruction, whereby a preponderance of evidence is made to depend upon the weight and value of the evidence, and not the greater number of the witnesses. We do not so view them. We think the error in counsel's contention arises from the fact that they do not give due force and consideration to some of the language used in the instructions. As we read these instructions, they are in harmony with the long-established rule touching the preponderance of evidence. They do not deprive the jury of any right possessed by them of weighing and considering the evidence in the light of all the circumstances and surroundings. They are not thereby deprived of the right to consider the condition of the parties, or which, under the circumstances, by reason of situation, opportunity, conditions, or surroundings, told the most natural and reasonable story. Nor do they interfere with the right of the jury in determining what weight and credit they will give to the witnesses, to consider their condition as to sobriety, their intelligence, their means of knowledge as to the

facts of which they speak, or any other fact which is
proper for a jury to consider as affecting the credibil-
ity of the witnesses.    Again, the jury were instructed
that if they found the evidence conflicting, they should
reconcile it if they could; if not, they should give
credit to that they deemed worthy of credit.    The
question of credibility was expressly left to the jury;
as much so in the instructions as it would have been
had the instructions which plaintiff asked been given.
The court, in substance, told the jury that if plaintiff
testified to the facts stated in his petition, and if they
found him to be a creditable witness, and the only
witness so testifying, and if they found that defendant,
as a witness, testified denying such facts, and to other
recited facts, and if he was an equally creditable wit-
ness with plaintiff, then there was no preponderance of
evidence in favor of plaintiff, and he could not recover;
and that the fact that they disagreed, if they found that
each honestly stated the facts surrounding the transac-
tion as it appeared to him, would not warrant them in
discrediting either of them, unless they, or each of them,
had been shown not to be worthy of credit by some
other means.    Now, what is credibility as applied to the
evidence of a witness?    And who is a creditable wit-
ness, in the sense in which that language is used by
the court?    The jury are the judges as to the credibil-
ity of witnesses, and of the weight and value of their
evidence.    A witness is a creditable witness, or not,
depending upon many circumstances.    His credibility
is determined by the jury in view of his interest,
intelligence, condition, age, situation with reference
to the matters as to which he gives evidence, motives,
character, conduct, and manner on the witness stand,
and many other facts and circumstances.    Thus we
see that the province of the jury was not invaded by
the court.    Much stress is laid upon that part of the
seventh instruction touching the honest belief of the

facts as stated in the second clause. This instruction, properly viewed, did no more than to direct the jury that the mere fact that these witnesses disagreed, would not itself warrant them in disregarding what either of them testified to, if they believed they were honest in stating the facts as they appeared to them; but, under such circumstances, they should look in the evidence for other facts, or circumstances, from which to determine their credibility. Further discussion is unnecessary. The rule of law that, when the burden of proof is on the plaintiff to establish his case, he must fail if the evidence is in equipose, is not a matter of dispute between counsel. *Hanson v. Stephenson*, 32 Iowa, 129; *Wadsworth v. Nevin*, 64 Iowa, 64 (19 N. W. Rep. 849). The instructions given are in accordance therewith, and are correct.—AFFIRMED.