HAVNER LAND COMPANY, Appellee, v. WALTER MACGREGOR, Appellant.

**LIMITATION OF ACTIONS: Necessity to Plead—General Equitable**
1 **Demurrer—Insufficiency.**  A general equitable demurrer (that the facts stated do not entitle the plaintiff to the relief demanded) does not raise the question of the statute of limitation.

**PLEADING: Fraud—Conclusion—Facts Stated.**  Fraud is a conclu-
2 sion from the facts stated.

PRINCIPLE APPLIED: A petition clearly pleads fraud which alleges: That defendant was orally employed by plaintiff as agent to buy a tract of land for plaintiff; that defendant agreed to purchase the land for plaintiff; that plaintiff instructed defendant to accept a certain proposition and that plaintiff would furnish the money; that defendant entered into contract for the purchase *in his own name* and claimed to own the property.

SPECIFIC PERFORMANCE: Statute of Fraud—Trusts—Construction of Pleading. No claim for ''specific performance of an oral contract for the creation and transfer of an interest in land,'' in violation of Sec. 4625, Par. 4, of the Code, nor an attempt to establish an express trust by oral evidence, in violation of Sec. 2918 of the Code, is presented by a pleading alleging that defendant entered into a written contract in his own name for the purchase of lands and thereunder claimed all interest in said land, in violation of an agreed oral contract of agency between plaintiff and defendant by which defendant agreed, for a stipulated consideration, to buy said lands for plaintiff and on terms which plaintiff had directed defendant to accept, followed by a prayer that defendant be enjoined from transferring his seeming interest in said contract and be compelled to assign the same to plaintiff.

TRUSTS: Resulting Trusts—Purchase by Agent—Purchase Price. A ''resulting trust'' in lands may be established by reason of the fraud of defendant in taking a contract for the purchase of lands in his own name, in violation of his agreement to buy the lands for plaintiff, even though plaintiff has paid no part of the purchase price, plaintiff having tendered to defendant the amount which he, defendant, had paid.

TRUSTS: Resulting Trusts—Express Agreement—Fraud. Reliance on an express agreement is no obstacle to the establishment of a resulting trust, if the essential element of fraud is shown.

TRUSTS: Agent—Violation of Duty. An agent, taking the legal title to property in his own name in violation of his fiduciary duty, will be treated, in equity, as a trustee of the property for his principal.

*Appeal from Iowa District Court.*—HON. R. P. HOWELL, Judge.

WEDNESDAY, NOVEMBER 25, 1914.

REHEARING DENIED FRIDAY, FEBRUARY 12, 1915.

.ACTION in equity. There was a demurrer to the petition, which was overruled, and the defendant elected to stand on his demurrer. Judgment and decree against defendant, and he appeals.—*Affirmed.*

*J. M. Dower,* for appellant.

*R. G. Popham,* for appellee.

PRESTON, J.—The substance of .the allegations of the petition is, that defendant was an employee of plaintiff as its agent to purchase a tract of Canada land from one Ives, and that the agreed compensation or commission to the defendant as such agent was $50.00; that defendant agreed to undertake the purchase for plaintiff; that Ives made a proposition to sell the land, stating the terms, and that plaintiff instructed defendant to accept the proposition and that plaintiff would furnish the money for the first payment of $500.00. That, in conformity with the contract, as made by correspondence, a written contract was entered into, but in the name of defendant and Ives; that defendant paid $500.00 and agreed to pay Ives the balance of the purchase price on or before five years; that the said proposal and the said contract, as entered into by the said defendant and Ives, in equity belonged to and are the property of this plaintiff, and the defendant has no right or interest therein; copies of the letters are attached to the petition. That plaintiff has tendered to defendant the $500.00 paid on the contract, and the commission agreed upon; that defendant has refused and refuses to assign his interest in said property to the plaintiff, and claims to be the owner of said land through and by virtue of the purchase of said land from Ives; that defendant is without means or property, and plaintiff does not have a plain, speedy or adequate remedy at law. Plaintiff prays that defendant be enjoined from making an assignment of his interest in the contract, and that he be required to assign to plaintiff all his seeming interest therein, and that he be

restrained from carrying out, individually, the contract, except as he may do so under direction of plaintiff, and for such other and further relief as may be equitable.

The defendant demurred to the petition on three grounds, the last of which is not sufficiently specific. *American Baptist, etc., Society v. First Baptist Church,* 163 Iowa 609.

1. LIMITATION OF ACTIONS: necessity to plead: general equitable demurrer: insufficiency.

The other grounds are: (1) That the averments of plaintiff's petition show an agreement creating an interest in, and to transfer, real estate, which is not shown to be in writing, and is contrary to the statute of frauds; (2) The averments of the petition show the creation of an express trust which is not shown to be in writing, and is contrary to the statute in relation to trusts.

The demurrer was overruled and exception taken January 16, 1913. No further proceedings were had in the case until January 22, 1913, when it was entered of record that defendant elected to stand upon his demurrer. April 5, 1913, judgment and decree was entered against defendant, in which it is again recited that defendant elected to stand upon his pleading and refused to plead further. Default was entered for want of plea.

The decree finds that plaintiff is entitled to the benefits of the contract referred to and that the equities were with plaintiff; required an assignment of the contract to plaintiff and required plaintiff to pay defendant $500.00 upon the making of the assignment; that the clerk should execute such assignment if defendant failed to do so; that by the decree and assignment all rights of defendant be transferred to the plaintiff.

The agency and fraud alleged are admitted by the demurrer. Appellant contends, and it cites as sustaining the point, *Hoon v. Hoon,* 126 Iowa 391, that fraud cannot be pleaded in general terms, but the facts relied upon must be stated. Defendant argues that no fraud is charged. The petition does not use the word "fraud,"—to do so and so plead generally would not be

2. PLEADING: fraud: conclusion: facts stated.

sufficient; but the facts are stated, and such facts clearly constitute a fraud by defendant, as agent, upon plaintiff, his principal.

II. The contention of appellant may be best stated by giving his own language. He says, in substance, that declarations or creations of trust or powers in relation to real estate must be executed in the same manner as deeds

3. **SPECIFIC PERFORMANCE: statute of frauds: trusts: construction of pleading.** of conveyance, citing the statute, Sec. 2918; that there can be no resulting trust where an express agreement is relied upon, nor can an express trust be established by parol (citing cases). That the petition not only seeks to create an interest in real estate, but, in addition to that, for a transfer thereof, and that the only thing asked for in the petition is specific performance, and that this can only be done by a deed of conveyance or an assignment of the contract for the transfer of the real estate between appellant and Ives, which would ordinarily put appellee in a position to demand a deed from Ives; that plaintiff's claim is based solely upon an alleged oral agreement; and that the question of a resulting or an express trust cannot enter into the issue raised upon this demurrer, because the trust, if any, is predicated upon an express agreement and, therefore, it would be an express trust and contrary to the language of the statute; and lastly, that the action is predicated upon an express oral agreement to enter into a contract by which plaintiff says appellant was to buy this land and then turned it over to them; that plaintiff has not paid any of the purchase money.

Counsel seem to misapprehend the petition. There is no claim for specific performance. Again, counsel say the contract was in parol. It is true the averments of the petition are that the employment of defendant by plaintiff by which defendant became plaintiff's agent was in parol, but the contract between Ives for the sale of the land was in writing, by written correspondence, by which Ives made the proposition, and the written acceptance thereof, for and on behalf of

plaintiff, and later the agreement was embodied into a formal written contract for the sale of the land by Ives, which defendant fraudulently took in his own name.

Again, it is not the claim of plaintiff as stated in the petition, as defendant contends, that there was an oral contract by which defendant was to buy the land and turn it over to plaintiff. Plaintiff contends that, because of the fraud by the breach of fiduciary duty, the case is not within the statute and that there is a resulting trust.

Counsel for appellee also state their claim in this way: That the question is, whether MacGregor can accept an agency to purchase real estate for the Havner Land Company from

4. TRUSTS: resulting trusts: purchase by agent: purchase price.

Ives and, after the Havner Land Company had divulged to him all of the information which it possessed as to the desirability of the land and its value and the probable profits to the purchaser, and MacGregor, fraudulently and for the purpose of cheating and defrauding plaintiff, takes the title in himself, after he has accepted the trust and holds the land as against the land company, when MacGregor admits the agency and admits the trust, whether he can refuse to transfer after he has taken the title in himself.

It is argued for defendant that the plaintiff has not paid any of the purchase money. But it does appear that defendant has made the first payment thereon of $500.00. We are cited to cases by appellee holding that, in some cases where a person who had agreed to buy land for another, bought in his own name and paid the purchase price, he will, nevertheless, be held a trustee for the other party and it will be held that he advanced the purchase money, if he does advance it, as a loan to the one for whose benefit the land was bought. *Jackson v. Stevens*, 108 Mass. 94; *McDonough v. O'Neill*, 113 Mass. 92; *Hellman v. Messmer*, 75 Cal. 166 (16 Pac. 766), 5 L. R. A. (N. S.) 112, and Note.

It does not appear whether defendant had yet obtained the title to the land. The final contract signed by defendant and Ives, as set out in the decree, provides that title is to

pass when final payment is made, which may be done in 1917, or at any time prior thereto. The petition alleges that defendant claims to be the owner of the land through and by virtue of the purchase thereof from Ives. But if he has not the title now, he was in position to obtain title under the contract and could do so now by paying the full purchase price, if it were not for this suit.

Defendant argues that there can be no resulting trust where an express agreement is relied upon, citing cases. But he ignores the question of fraud and confuses the agreement

5. TRUSTS: resulting trusts: express agreement: fraud.

between plaintiff and defendant by which the agency is created, and the agreement for the sale of the land itself by Ives, and we think he misapprehends the allegations of the petition when he claims that he was to buy the land in his own name and turn it over to the plaintiff. It is not so alleged. Resulting trusts arise by operation of law because of fraud, which is an essential element.

Appellant cites *Newis v. Topfer*, 121 Iowa 433, where it was said, in substance, that the mere breach of an express promise or refusal on the part of an alleged trustee to execute the trust reposed in him, however reprehensible, will not be sufficient to remove the bar of the statute and allow a trust in realty to be established by parol evidence. But it was held in the same case that where fraud or deception enters into the transaction, a constructive trust arises, and equity will enforce a parol agreement for the protection of the innocent party, and it was held in that case that the facts were sufficient to create a trust because of the confidential relation existing between the parties.

Appellant also cites and seems to rely largely upon, *Burden v. Sheridan*, 36 Iowa 125; and *Flanders v. Booge*, 146 Iowa 675.

The instant case may be readily distinguished. In the *Burden* case, defendant denied the agency; the matter was tried out on the evidence, and the court, at page 136, held that:

"It is alleged that Sheridan made the agreement with plaintiff for the purpose of keeping the latter from competing with him for the purchase of the land and with the design of securing said land himself and upon better terms than he might otherwise be able to do. Now the pleadings and the proofs show that Sheridan purchased the property at the same price Burden alleges he was willing to give for it if he could get it for no less. The evidence, in our opinion, entirely fails to establish the fraud alleged or any fraud other than is always involved in the simple breach of a contract. It is but a naked repudiation of an alleged parol agreement. There being no fraud such as will take the case out of the statute, and the plaintiff having made no payment or advanced any part of the purchase money, the alleged trust being denied by the defendant, parol evidence is incompetent under the statute of frauds to prove it."

Under the statute of frauds, it is a question of proof of the admissibility of parol evidence to prove the contract. In the instant case, the contracts, the agency and the fraud are all admitted by the demurrer. The breach by an agent of a fiduciary duty which he owes to his principal is itself a fraud and more than a mere breach of contract.

The *Flanders* case was also tried out on the evidence. It was there claimed by the plaintiff that the son of defendant was to take title in the name of the son, and then that there was an agreement that the title was to be transferred from the son to the plaintiff, and there was no fraud perpetrated in the son's taking the title in his name.

In the case at bar the agreement was that MacGregor was to buy the land for plaintiff and take the title in the name of the plaintiff. In other words, the contract was to be made between the plaintiff and Ives; but MacGregor, while admitting the agency and fraud, after he may have secured all the information as to the value of the land and the advantageous sale which

6. TRUSTS:
agent: viola-
tion of duty.

plaintiff alleges could have been made, then in fraud of the rights of plaintiff took the title and for the purpose of securing the benefits of the transaction to himself, took the title to the land, not in the name of plaintiff, but in his own name. *Brookings Land & Trust Co. v. Bertness,* 96 N. W. 97 (S. D.), is a case very much like the case at bar in its facts. It is in point and we shall quote therefrom at some length. The court said:

"After assuming to act as the agent of the plaintiff in the purchase of the property with the amount of commission as such agent fixed, the taking of the property in his own name or the name of his wife, without the knowledge of the plaintiff, was clearly in violation of his fiduciary relations as such agent. . . . It seems to be a well settled rule in courts of equity that the plea of the statute of frauds can never be allowed to be used as an instrument of fraud. In other words, the statute of frauds is to prevent frauds and perjuries and not to protect frauds." Citing cases. And see *Halligan v. Frey,* 161 Iowa 185. Continuing, the court said in the *Brookings* case—quoting from a New York case:

" 'There are two principles upon which a court of equity acts in cases, and its remedial jurisdiction which taken together, in our opinion, entitle the plaintiff to maintain this action. One is that it will not permit the statute of frauds to be used as an instrument of fraud, and the other that, when a person, through the influence of a confidential relation, acquires title to property or obtains an advantage which he cannot conscientiously retain, the court, to prevent the abuse of confidence, will grant relief. The principle that, when one uses a confidential relation to acquire an advantage which he ought not in equity and good conscience to retain, the court will convert him into a trustee and compel him to restore what he has unjustly acquired or seeks to unjustly retain, has frequently been applied to transactions within the statute of frauds.' " (Citing cases.)

The *Brookings* case also quotes the following from *Rose v. Hayden,* 35 Kans. 106:

" 'The controlling question in this case is not whether the principal advanced the purchase money or not, but it is whether in equity and good conscience the agent, who in fact purchased the property with his own money, in his own name, in violation of his agreement with his principal, and in the abuse of the confidence reposed in him by his principal, can be allowed to retain the fruits of his perfidy. The weight of authority is, we think, that he cannot. (Citing cases.) The facts that the defendant was the agent of the plaintiff for the purpose of negotiating for the purchase of the property, that in violation of his agency he purchased the property for himself and took the title thereto in his own name, and the further facts that the plaintiff has elected to treat the defendant as a trustee holding the property for the plaintiff, and has tendered to the defendant the full amount which the defendant paid for the property and an additional amount sufficient to compensate the defendant for all his services as agent, are, we think, sufficient to entitle the plaintiff to recover.' "

See also *Trice v. Comstock,* 121 Fed. 620, 61 L. R. A. 176; 2 *Pomeroy's Equity,* Sec. 959.

The above cases hold that if the agent takes the legal title to property in violation of his fiduciary duty, equity will treat him as a trustee thereof for his principal. Many other cases are cited by appellee to substantially the same effect.

Without further discussion, we are of opinion that the trial court did not err in overruling the demurrer. Having disposed of the case on the merits, it is unnecessary to consider appellee's motion to dismiss, except to say that it is not well taken and is, therefore, overruled.

The decree of the district court is—*Affirmed.*

LADD, C. J., EVANS and WEAVER, JJ., concur.