E. S. BROWN, Appellee; v. J. P. MARTIN et al., Appellants.

FRAUDS, STATUTE OF: Interest in Lands—Contract for Profits 1  —Oral Agreement. Where the plaintiff, as the owner of land, made a contract with the defendants whereby they would procure a loan from a company for the amount of an incumbrance on the land, and, as security, plaintiff was to deed the land to the company, and plaintiff and defendants were both to have the

right to negotiate a sale, up to the time the loan was due, in which case profits were to be equally divided, said contract was not one required to be in writing, under Sec. 2918 and Sec. 4625, Subdiv. 4, Code, 1897, and parol evidence was admissible to prove the contract.

**EVIDENCE:** Weight and Sufficiency—Preponderance—Jury Question. That the defendant has a larger number of witnesses testifying in contradiction to the plaintiff does not prevent a conflict of evidence; and, while it is ordinarily true that, where witnesses are of equal credibility, the larger number should outweigh the smaller, still, there being a conflict, it is a question for the determination of the jury, and the credibility and the weight to be given to the witnesses' testimony is for the jury.

*Appeal from Woodbury District Court.*—J. W. ANDERSON, Judge.

JULY 1, 1919.

THIS is an action at law in two counts, to recover damages for a breach of contract on the part of defendants, plaintiff alleging that the contract was broken, in that the defendants, in violation of said contract, transferred some real estate of which plaintiff was the owner, without obtaining plaintiff's consent thereto. The second count is for damages caused by defendants' transferring certain rent notes, of which plaintiff claims to have been the half owner, without plaintiff's knowledge or consent. There was a trial to a jury, and a verdict and judgment for plaintiff. Defendants appeal.—*Affirmed.*

*Shull, Gill, Sammis & Stilwill,* for appellants.

*Evans & Evans,* for appellee.

PRESTON, J.—The issues, as set out by appellants, which appellee concedes are correct, are as follows:

"Plaintiff in Count 1, Paragraph 1, of his petition alleges that, on or about the 20th day of April, 1914, he was the owner of the real estate (and therein describes the real

estate), and further alleges in said count that there was a
total incumbrance against the land at that time of $32,270,
and that there was $4,800 of said incumbrance due, and
that plaintiff, for the purpose of making payment of said
sum of $4,800 on or about said date, entered into an agree-
ment, not in writing, with the defendants, J. P. Martin,
T. F. Harrington and F. E. Sweetser, as follows:

"That they should at once procure a loan from the
Guaranty Title & Realty Company of Sioux City for the said
sum of $4,800 on the land at 8% per annum, due and pay-
able January 1, 1915, and as security therefor, said Brown
should cause said land to be deeded to said company; the
said Brown and said Martin, Harrington, and Sweetser
to have the right to negotiate a sale of said land at any
time up to January 1, 1915, with the consent of the other
party or parties, and profits arising therefrom should be
equally divided between the said Brown and second parties,
as individuals, after paying all incumbrances on said land,
together with interest, and including the interest due said
Guaranty Title & Realty Company to date of sale. And by
amendment to said count alleges that F. E. Sweetser was,
at all the times complained of, acting for the defendants
J. P. Martin, T. F. Harrington, and the said Guaranty Title
& Realty Company, and plaintiff claims that the land was
sold by defendants without his knowledge or consent, in
violation of the oral agreement, and claims damages by
said sale and breach of contract in the sum of $2,035.

"Count 2 is based on the contention that, at the time
that Barretts assigned the contract to said land to O. E.
Jackson, the land had been rented for the year 1914 to one
A. W. Okey, for the sum of $1,440, evidenced by three notes
of said Okey, secured by chattel mortgage, together with
the lease on the land; and that the defendants entered into
contract, not in writing, agreeing to help plaintiff pur-
chase the notes, mortgage, and lease from said Barretts,

each plaintiff and the defendants to own one half of the notes, and the same to be divided when collected. The plaintiff purchased the notes and paid for them, and turned them over to the defendants, and that defendants, in violation of the oral agreement, sold the notes and mortgage with the land, and that plaintiff is entitled to damages for the amount of one half of the notes, namely, $720.

"Defendants, for answer to plaintiff's petition as amended, and each count and paragraph thereof, deny each and every allegation therein contained, except as expressly admitted.

"Defendants in answer admit that there was a total indebtedness and incumbrance of approximately $32,270 against the real estate described in plaintiff's petition, and that a considerable amount of said incumbrance was then due and admits that the Guaranty Title & Realty Company purchased said property on or about the 2d day of May, 1914, subject to a number of mortgages.

"Expressly deny that the Guaranty Title & Realty Company purchased the said property from the plaintiff, and deny that plaintiff has or ever had any right, title, or interest whatsoever in or to said land or premises or any part thereof. Admits that the Guaranty Title & Realty Company sold and conveyed the land to F. E. Gill, and expressly denies that plaintiff has been damaged in the sum of $2,775, or any other sum whatsoever."

At the close of all the evidence, defendants moved the court to instruct the jury to return a verdict for defendants, which motion was overruled. The grounds of the motion, covered by the 22 assignments of error, stated as concisely as may be, are, substantially, that the evidence is insufficient to sustain a verdict for plaintiff; that there is no competent evidence to sustain the verdict; and that the court erred in permitting incompetent evidence; that there was no evidence of indebtedness, or that the deed is a mort-

gage; that the court erred in submitting Counts 1 and 2 to the jury on the pleadings and evidence; that there is not sufficient evidence that plaintiff or any of the defendants acquired any interest in the real estate mentioned, for that their right, if any they had, was the mere right to sell the real estate for the Guaranty Company; that the court erred in refusing requested instructions of defendants; that the court erred in submitting the issue of fraud to the jury, because there was no evidence to sustain it; that the court erred in permitting cross-examination of one of the defendants and excluding evidence of others; that the court, in its instructions, stated a certain matter as a fact, of which there was no evidence.

Though there are several assignments of error, there are really two main propositions in the case, and they are: First, whether the transaction was within the statute of frauds, and, therefore, parol testimony of plaintiff was inadmissible; and second, that plaintiff, as a witness, because of alleged contradictions therein, is not credible, and that his testimony should not outweigh a larger number of witnesses testifying for the defendants. Indeed, it was conceded in oral argument that the parties waive all other questions except these two, and ask a determination of the case on them. It is conceded by appellants, as we understand it, that the testimony of plaintiff does tend to establish the issues relied upon by him for a recovery.

1. Appellants' argument on the first proposition, as to the statute of frauds, is very brief. More elaborate argument is made on the second proposition. We find no argument in elaboration of the first point. The proposition is that oral evidence is incompetent to prove facts which the law requires to be reduced to writing (citing Code Section 4625, Subdivision 4; Code Section 2918). The last-named section is in relation to trusts.

1. FRAUDS, STATUTE OF: interest in lands: contract for profits: oral agreement.

*Flanders v. Booge,* 146 Iowa 675. They then say that, considering all the evidence, and assuming that there was no error in admitting it, there is no evidence in this entire record to sustain the verdict for plaintiff.

The first-named section of the statute provides that:

"Except when otherwise specially provided, no evidence of the following enumerated contracts is competent, unless it be in writing and signed by the party charged or by his authorized agent:   *   *   *

"4. Those for the creation or transfer of any interest in lands, except leases for a term not exceeding one year."

The other section relates to declarations of trust. The *Flanders* case holds that oral evidence of a contract by which one person agrees to acquire title to land for the benefit of another is within the statute of frauds, and is incompetent for the purpose of establishing a trust. The *Flanders* case was distinguished in *Havner Land Co. v. MacGregor,* 169 Iowa 5, 12. That was an equitable action, it is true, but the principle is laid down, as in numerous other cases, that a person may not use the statute of frauds as an instrument of fraud, and that, when one uses a confidential relation to acquire an advantage which he ought not, in equity and good conscience, to retain, the court will convert him into a trustee, and compel him to restore what he has unjustly acquired, and what he unjustly seeks to retain; and this principle has been frequently applied to transactions within the statute of frauds. Appellee contends that it is obvious that the contract sued upon was neither for the creation nor the transfer of an interest in real estate, and we think this is so. Though it is denied by appellants that plaintiff has or ever had any interest in or to the land, still, if plaintiff's testimony is believed, he was the owner of the land, and deeded it to the company as security for a loan, and the contract provided that the property should not be sold by appellants without the consent

of the other parties, and that the profits arising therefrom should be divided, after paying incumbrances. So that it would appear that the contract was for a division of the profits. Plaintiff is not seeking to create any interest in the land by his testimony, nor a transfer thereof. Plaintiff was already the owner of the land. We think the following authorities sustain our position: *Doyle v. Burns,* 123 Iowa 488; *Pennybacker v. Leary,* 65 Iowa 220; *Richards v. Grinnell,* 63 Iowa 44; *Bannon v. Bean,* 9 Iowa 395; *Cooley v. Osborne,* 50 Iowa 526; *Miller v. Kendig,* 55 Iowa 174; *Judd v. Mosely,* 30 Iowa 423.

In the *Doyle* case, there was a parol contract to locate mining claims together. The claims were not perfected. *Held* that the contract was not within the statute. In the *Pennybacker* case, there was a parol contract for a partnership to buy and sell lands. It was held that the contract was not within the statute, because it amounted to a parol agreement for the creation of a partnership, and the part of the agreement obligating the parties to purchase the land was but an incident of the contract of partnership. It was simply an agreement that the firm would buy the lands, and that, by the agreement, neither party bought or sold lands. Such was the holding in the *Richards* case, and that, after the dissolution of the partnership, either party may establish his interest in the partnership land without such interest's being evidenced by a written contract. In the *Bannon* case, there was an agreement to procure a conveyance of lands by another. It was held not to be a contract, within the statute, and that it might be proved by parol, because it was not one affecting real estate, in the sense of the law. The plaintiff agreed to deliver the notes for a title to the land, and the defendants obtained the title, according to plaintiff's claim, and the court held that plaintiff should be permitted to show that. In the *Cooley* case, it was held that an agreement to foreclose a mortgage and

convey the land acquired thereunder to another is not within the statute of frauds, and may be proved by parol; and that the case is within the principle of the *Bannon* case. In the *Miller* case, where there was a parol agreement by the grantee of land that, in case he sold the land for more than the price paid, one half the excess should be paid to the grantor, it was held that this does not create an interest in real estate, and is not within the statute of frauds. In the *Judd* case, the owner of land sold at tax sale, and the purchaser verbally agreed that it should not be necessary for the former to redeem, in order to save his rights; that the purchaser should receive the tax deed, and then quitclaim to the owner, upon his paying to him the amount he would have to pay to redeem. By reason of such representations and agreements, the owner was deterred from making redemption within the time allowed by law, and it was held that the transaction was in no sense a contract for the sale of an interest in lands, within the meaning of the statute of frauds, but created, instead, an implied trust, which equity would enforce against the purchaser. Some of the cases are cited in *Rankin v. Smith,* 174 Iowa 537, where it was held that, under the contract in that case, there was no interest in land, and for that reason, certain funds could be held under garnishment.

It was also contended by appellee that, even if the contract sued upon created or transferred an interest in the land to defendants, or any of them, then it would be taken out of the statute by the payment of the $4,800 that defendants caused to be paid. It may be that some of the foregoing cases so hold, but we deem it unnecessary to further discuss this point.

2. As already stated, the appellants strenuously insist that, since plaintiff has the burden of proof, and must establish his claim by that clear evidence required in such

cases, therefore, since defendants have the
greater number of witnesses, the preponder-
ance is with the defendants, and the trial
court and this court should so say, as a mat-
ter of law. On this proposition they cite *Hanson v. Steph-
enson,* 32 Iowa 129; *Wadsworth v. Nevin,* 64 Iowa 64. They
also cite authorities to the proposition that, where the evi-
dence on an issue of fact is in equipoise, or there is any
doubt on which side the evidence preponderates, the party
having the burden of proof fails upon that issue, and wheth-
er there is any legal and sufficient evidence, is a question
for the court. We do not understand appellee to dispute
the last proposition. The *Hanson* case was an action in
equity for specific performance, and the court held that the
evidence was in equipoise on the fact proposition. Such
was the situation in the *Wadsworth* case, an action to fore-
close a mortgage. Other authority is cited by appellants to
the point that the rule requiring the plaintiff to prove his
case by a preponderance of the evidence means the duty of
producing evidence to satisfy the court. In the instant
case, it is evident that plaintiff produced evidence to sat-
isfy the jury. It may be conceded that, in rare instances,
a witness may be so discredited by contradictions, or his
testimony may be so improbable and contrary to known
facts, as that his testimony should be entirely disregarded;
but such is not the situation here. Appellants' proposition,
boiled down, is that, because they have a larger number of
witnesses testifying in contradiction of the plaintiff, there-
fore there is no conflict. This is not the rule. We are not
in the habit of counting witnesses. By doing so, and by
sustaining appellants' contention in this case, we would
necessarily lay down a rule that a certain number of wit-
nesses, opposed to a smaller number, or to one, would con-
stitute a preponderance of evidence, regardless of the cred-
ibility of each one. Of course, this should not be done. It

2. **EVIDENCE:**
sufficiency:
preponderance:
jury question.

may be true that, ordinarily, where witnesses are of equal credibility, the larger number should outweigh the smaller; but where there is a conflict, it is a question for the determination of the jury, even though there may be a larger number of witnesses on one side.   The credibility of the witnesses and the weight to be given to their testimony are for the jury.  Appellee cites a number of cases to the proposition that the weight of the evidence and credibility of the witnesses are for the jury to determine.   But the proposition is so well settled that we deem it unnecessary to cite the cases.   But see *Madden v. Saylor Coal Co.*, 133 Iowa 699, 705, 706; *Murphy v. Chicago G. W. R. Co.*, 140 Iowa 332, 338.

It is our conclusion that the transaction was not within the statute of frauds, and that plaintiff's evidence was competent, and that there was a question for the jury, notwithstanding the larger number of witnesses for the defendants.   It follows that the judgment of the district court must be, and it is,—*Affirmed.*

Ladd, C. J., Evans and Salinger, JJ., concur.